# Exhibit A

Case 1:11-cv-03600-WHP   Document 42   Filed 02/14/12   Page 1 of 5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
IN RE: CRUDE OIL COMMODITY         :   Master File No.
FUTURES LITIGATION                 :   11 Civ. 3600 (WHP)
                                   :
-----------------------------------    MEMORANDUM & ORDER
                                   :
THIS DOCUMENT RELATES TO:          :
                                   :
ALL MATTERS                        :
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

Three groups of plaintiffs in this putative class action move for the appointment of interim class counsel. Plaintiffs David Seidner, SMW Trading Co., Adam Haber, and FTC Capital GmbH move for the appointment of Cohen Milstein Sellers & Toll PLLC as interim class counsel and the appointment of an executive committee consisting of Caferty Faucher LLP, Menaker & Herrmann LLP, and Kirby McInerney LLP. Plaintiff Christopher R. Courtiol moves for the appointment of Berger & Montague P.C. and Lieff Cabraser Heimann & Bernstein LLP as co-lead interim counsel. The remaining named plaintiffs[1] move for the appointment of Lovell Stewart Halebian Jacobson LLP as chair and Labaton Sucharow LLP, Hausfeld LLP, and Susman Godfrey LLP as members of an executive committee to act as interim lead counsel. For the following reasons, this Court selects Lovell Stewart and Susman Godfrey as interim co-lead counsel.

---

[1] These plaintiffs include Stephen Ardizzone, Gregory Galan, AIS Futures Management, LLC, AIS Futures Fund II L.P. (2X-4X), AIS Futures Fund III L.P., AIS Futures Fund IV L.P., Adams Affiliates, Inc., Todd Kramer, Cervino Capital Management LLC, John J. LoSordo, Jr., DCM Energy LLC, Edward Bernstein, Joseph G. Loza, Lykins Company, Inc., David Huemer, and Adam Harrington.

DISCUSSION

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The same factors that apply in choosing class counsel at the time of class certification apply in choosing interim class counsel. See In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig., No. 08 MDL 1963 (RWS), 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009). Specifically, this Court considers, "(1) the work that counsel has performed in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The "Court may also consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Finally, if more than one adequate applicant seeks to be designated, this Court will "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Ultimately, "[t]he goal of all the procedures surrounding the appointment of class counsel . . . is to establish appropriate structures and monitoring mechanisms to substitute for the ordinary attorney-client relationship and to assure performance of the fiduciary responsibilities owed by both the lawyer and the lead plaintiff to the class." Stephen A. Saltzburg et al., Third Circuit Task Force Report on Selection of Class Counsel, 74 Temp. L. Rev. 689, 696 (2001).

This Court has the luxury—and simultaneous burden—of selecting among three highly qualified applications. This civil action follows from an investigation by the Commodity

Futures Trading Commission, and thus each applicant has performed roughly the same amount of work in investigating potential claims. This Court is also confident that each applicant has extensive knowledge of the applicable law and can commit the required resources. Further, each applicant has vast experience handling class actions, complex litigation, and the type of claims at issue here. Berger & Montague and Lieff Cabraser each have decades of experience successfully litigating complex class actions, many before this Court. Cohen Milstein, its partner J. Douglas Richards, and the other constituents of its proposed executive committee also have deep experience with commodities and antitrust litigation and the commodities exchanges.

However, having considered the parties' respective motions, supporting briefs, and exhibits, as well as the Rule 23(g) factors, this Court selects Lovell Stewart and Susman Godfrey as co-lead counsel. This action involves highly complex transactions in oil futures commodity contracts, alleged violations of the anti-manipulation provisions of the Commodities Exchange Act ("CEA"), and alleged violations of the antitrust laws. Given that subject matter, this Court believes that Lovell Stewart and Susman Godfrey will best represent the class. Lovell Stewart has obtained the first, second, and third largest recoveries in history under the CEA, and has more than 25 years of experience litigating class actions involving the alleged manipulation of commodities prices. For its part, Susman Godfrey has served as lead counsel in hundreds of class actions, including complex antitrust actions, and Mr. Susman has represented that he will personally spearhead Susman Godfrey's efforts in this litigation. Moreover, Lovell Stewart and Susman Godfrey are members of the leadership structure proposed by plaintiffs in more than two-thirds of the related cases in this consolidated action. And the Court gives some weight to

plaintiffs' "self selection" of class counsel. See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litig., MDL No. 1869 (PLF), 2008 WL 1883447, at *2 (D.D.C. Apr. 28, 2008).

While the "majority" plaintiffs also applied for Labaton Sucharow and Hausfeld to be members of an executive committee along with Lovell Stewart and Susman Godfrey, this Court must balance their desire to create a "dream team" against the competing considerations of efficiency and economy. Labaton Sucharow and Hausfeld have impressive resumes and considerable experience handling complex class litigation. Nevertheless, committees of counsel can lead to substantially increased costs and unnecessary duplication of efforts. See John C. Coffee, The Regulation of Entrepreneurial Litigation: Balancing Fairness and Efficiency in the Large Class Action, 54 U. Chi. L. Rev. 877, 908 (1987) (observing that self selection of a committee of class counsel is often the result of a "political compromise," the price of which is overstaffing); see also Manual for Complex Litig., § 10.221 (4th ed. 2004) ("Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making."). At this preliminary stage of the litigation, this Court finds that a leadership structure consisting of two co-lead counsel will be sufficient to address the various complexities that may arise, while keeping unnecessary costs to a minimum.

Of course, Lovell Stewart and Susman Godfrey may divide case responsibilities and costs as they see fit among any of the fine law firms who have competed to be interim lead counsel. At a minimum, co-lead counsel should keep the other attorneys advised of the progress of the litigation and consult them about decisions significantly affecting their clients. See Manual for Complex Litig., § 10.222 (4th ed. 2004). Moreover, counsel should manage the

allocation of resources with a view that this Court will scrutinize any fee applications at the conclusion of the case. See Mentor v. Imperial Parking Sys., Inc., No. 05 Civ. 7993 (WHP), 2010 WL 5129068, at *3 (S.D.N.Y. Dec. 15, 2010); see also In re Currency Conversion Antitrust Litig., 263 F.R.D. 110, 132 (S.D.N.Y. 2009).

This Court further orders that Lovell Stewart shall act as the liaison between Plaintiffs and Defendants, and Plaintiffs and the Court. Lovell Stewart and Susman Godfrey are directed to confer with counsel for Defendants pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and submit a joint report by March 15, 2012. A case management conference will be held on March 22, 2012 at 12:00 p.m.

## CONCLUSION

For the foregoing reasons, this Court selects Lovell Stewart Halebian Jacobson LLP and Susman Godfrey LLP as interim co-lead counsel. The Clerk of the Court is directed to terminate the motions pending at ECF Nos. 20, 24, and 27.

Dated: February 14, 2012
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*