**LOVELL STEWART HALEBIAN JACOBSON LLP**

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone
212.608.1900

Facsimile
212.719.4775

December 5, 2013

**BY ECF**
The Honorable Sarah Netburn
United States District Court
40 Foley Square, Room 430
New York, New York 10007

Re: *In re: North Sea Brent Crude Oil Futures Litig.*, 13-md-2475 (ALC) (SN) (S.D.N.Y.)

Dear Magistrate Judge Netburn:

Lovell Stewart Halebian Jacobson LLP as Chairman ("Lovell Stewart"), Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg"), and Robins, Kaplan, Miller & Ciresi, L.L.P. ("Robins Kaplan") (collectively, "Proposed Interim Class Counsel") respectfully submit this letter in opposition to the motion (ECF No. 32) for a proposed additional submission (ECF No. 32-1) ("Kirby Doc.") by Kirby McInerney LLP ("Kirby").

The record developed by the timely submissions that were authorized by Your Honor's November 8, 2013 order (*Prime Int'l Trading Ltd. v. BP PLC, et al*, 13 Civ. 3473, ECF No. 9) ("*Prime Int'l*") has clearly demonstrated that Proposed Interim Class Counsel should be appointed. We believe that, for the reasons set forth below, the acceptance of the Kirby Doc. for filing would do nothing to change that conclusion and, on the contrary, would strongly reinforce it. However, such reinforcement would come only at the cost of prolonged proceedings and the need to resolve more disputed issues between counsel.

1. Lovell Stewart respectfully submits that the record from the timely submissions overwhelmingly demonstrates, in an almost uncontested fashion, as follows. (a) Lovell Stewart has extensive trial and appellate experience in successfully proving and upholding Commodity Exchange Act, 7 U.S.C. § 1 *et seq*. ("CEA") manipulation claims whereas Kirby has none, and Lovell Stewart has repeatedly achieved successful results as Court-appointed counsel on CEA manipulation class action claims whereas Kirby has not produced any prior successful results on such claims. (b) Lovell Stewart has efficiently developed good grounds in this case to allege an economic analysis, a structural analysis, a compliance/legal analysis, and **six** periods of false reporting by Defendants. *Compare* ECF No. 15, p. 5 *with* ECF No. 21, p. 4. (c) Lovell Stewart has otherwise furthered the class' interests by, among many other things, inclusively suggesting to Kirby that it analyze the Platts Crude Oil Marketwire Reports and financially subsidizing Kirby's analysis that produced allegations of two (not **six** but **two**) periods of alleged false reporting by Defendants.[1]

[1] As Lovell Stewart reads the Kirby Doc., Kirby does not contest that it received the Platts suggestion and financial subsidy from Lovell Stewart. Nor does Kirby contest that it copied, without attribution, (i) Lovell Stewart's work product reflected in the economic analysis, structural analysis, and other allegations of the *Karkut* complaint, and (ii) extensive parts of the Platts reports suggested to Kirby by Lovell Stewart. Kirby Doc., *passim*.

      2. Lowey Dannenberg respectfully submits that the record from the timely submissions demonstrates that Lowey Dannenberg has: (a) vastly more experience with CEA manipulation claims than Kirby; (b) on behalf of Plaintiff Prime International,[2] identified and originated the substantive allegations and legal contours of the claims alleged in the *first-filed* class action, work product adopted near verbatim in numerous follow-on actions, including in complaints filed by Kirby; (c) successfully moved, briefed and argued for centralization before the Judicial Panel on Multidistrict Litigation; (d) adopted case management procedures fostering efficient prosecution and coordination of the related actions; (e) engaged in private ordering discussions with numerous counsel over the span of many months, resulting in near unanimity amongst plaintiffs' counsel; (f) engaged in enormous investigative work in the U.S. and the U.K. by which Lowey Dannenberg developed extensive proprietary, non-public information from confidential witnesses and economic analysis that significantly enhances the plausibility of the claims alleged, including facts reflecting systematic violations of compliance rules intended to prevent false reporting during the multi-year Class Period; and (g) committed, and will continue to commit, substantial resources to vigorously prosecute the litigation.

3. Robins Kaplan respectfully submits that the record from the timely submissions overwhelmingly demonstrates that it is uniquely positioned to lead this case because of its recognized expertise and experience in <u>both</u> CEA energy futures manipulation and antitrust cases. As Co-Lead Counsel, attorneys now at Robins Kaplan successfully co-negotiated the then-second largest energy futures manipulation class action recovery in *In re: Natural Gas Commodity Litigation*, and, as Co-Lead Counsel, the Firm also recently obtained the largest known antitrust class action settlement in *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation.* In addition to its seventy-five years of trial experience, the class will get the benefit of the Firm's ample resources, including in-house financial and economic consultants, an experienced staff of document review attorneys and the ability to internally host electronic database reviews.

****

The other reasons for denying Kirby's motion are basically that the Kirby Doc. would not do what Kirby argues that it would. Specifically, Kirby argues that the Kirby Doc., which is in the nature of a sur-reply, should be accepted because it would supposedly "correct" the record,

---

If Lovell Stewart were to adopt the exclusionary principles of Kirby's conduct, Lovell Stewart would go further and also argue that Lovell Stewart has done much more for the class *in this case* than has Kirby. Kirby's two periods of false reporting involve Dated Brent Crude and Contract for Differences ("CFD"). Lovell Stewart's **six** periods of false reporting involve the 25-day (formerly 21-Day) Brent Blend, Forties, Oseberg and Ekofisk ("BFOE") market. Commodity futures contracts traded by plaintiffs were tied directly by the ICE final settlement mechanism to the prices of 25-Day BFOE. Also, Lovell Stewart has developed further allegations that enhance the plausibility of the contention that the false Dated Brent and the CFD activities commendably alleged by Kirby in the *McDonnell* complaint, did cause artificial changes in futures contract prices. ECF No. 21, p. 4.

Lovell Stewart has inclusively tried to avoid such arguments, including by working with Kirby and other counsel to try to cohere all of them into a unified force helping the class.

[2] Plaintiff Prime International is a proprietary commodity trading company headquartered in Chicago, Illinois and is a member of the Chicago Board of Trade, Chicago Mercantile Exchange, NYMEX, and ICE. Prime International traded *hundreds of thousands* of NYMEX and ICE Brent Crude futures contracts at allegedly artificial prices during the Class Period, and therefore has a large vested financial interest in the successful prosecution of this litigation.

and ostensibly would not make any "new" arguments. Kirby's Letter Motion dated December 2, 2013, ECF No. 32. But (surprise!) Proposed Interim Class Counsel believe that the Kirby Doc. does commit many errors and does raise entirely new matters. *E.g.*:

- Kirby **mis**quotes[3] S.D.N.Y. Local Rule 6.1(d) and significantly misconstrues *Individual Practices in Civil Cases, The Honorable Sarah Netburn, United States Magistrate Judge*, Rules I.a and IV.a and Fed. R. Civ. P. 5(a)(1)(D). Kirby Doc., p. 1 and fn. 1.

- Kirby makes new arguments about its prior experience in *In re LIBOR-Based Financial Instruments Antitrust Litig*., 11-md-2262 (S.D.N.Y.) ("*LIBOR*") that are contrary both to the Court filings and transcripts in *LIBOR* and to other materials.[4] Kirby Doc., p. 4.

- Kirby simultaneously (i) makes new statements that are refuted by its own emails or other materials (Kirby Doc., *e.g.*, p. 2), (ii) fails to contest that the cases Kirby originally cited, actually contra-indicate its appointment, and (iii) also fails to contest that Kirby's mistaken earlier exaggeration of certain of its work as of "critical" importance, actually threatens to hurt 85% of the class members. *Compare* ECF No.21, pp.8-10 *with* Kirby Doc., *passim*.

- Kirby belatedly makes a new argument that (again) threatens to hurt the class: Kirby's clients supposedly have the most losses of any plaintiff. Kirby Doc., p. 5. But this new argument is unsupported factually. Such new argument is at least two submissions late procedurally. And such argument is irrelevant legally, and contrary to the mandatory criteria of FRCP Rule 23(g).

More fundamentally, Kirby's new argument involves a subject that is virtually unknowable in complex CEA manipulation claims at this early stage of the proceedings. Thus, competent class counsel actually have a duty to the class to argue as follows. It is premature, even in the amended complaint that **will** be filed **after** all these actions have been consolidated and the full work product of the counsels' efforts reflected, to allege the net causal impact on futures contract prices of Defendants' violations. On the contrary, class counsel have a duty to the class to argue that **that** issue is "for another day," *i.e.*, after full discovery and expert analysis have occurred. *Compare e.g.*, *In re Crude Oil Commodity Futures Litig.*, 913 F.Supp.2d 41, 61 (S.D.N.Y. 2012) (even on the motion to dismiss "actual damages [] is a fact-intensive inquiry for another day") *quoted and cited with approval by the Exchange-based plaintiffs in LIBOR*, 11-

[3] Kirby Doc., p. 1 fn. 1, **mis**quotes S.D.N.Y. Local Rule 6.1(d) by changing the word "why" into "by." The Response will demonstrate that Kirby's error changes the apparent meaning of Local Rule 6.1(d), as **mis**quoted by Kirby, into the virtual opposite of its actual meaning.

[4] Kirby argues against the significance of the facts that Lowey Dannenberg filed the first case, and that the private ordering by eleven of the thirteen counsel in the only actions filed during the first six months of these proceedings, supported Proposed Interim Class Counsel. ECF No. 20, p. 8; Kirby Doc., p. 5; *Prime Int'l*, 13 Civ. 3473, ECF No. 8, p. 2. But Kirby argued in *LIBOR* that the facts that it filed first, and that Lovell Stewart and Kirby were supported by private ordering were very significant. *See e.g.*, *LIBOR*, 11-md-2262 (S.D.N.Y.), ECF No. 18, p. 1, 3, 7 (arguing that Kirby should be appointed as a co-lead counsel because it "filed the first case five months ago" and that it had been supported by the "private ordering" among counsel).

md-2262 (S.D.N.Y.), ECF No. 397, pp. 10-11 *with LIBOR*, 11-md-2262 (S.D.N.Y.), ECF No. 18, pp. 5-6 (arguing against the relevance to interim class counsel selection of supposed losses among plaintiffs). Counsel should not impeach those arguments by pretending that anyone can now know which clients were hurt the most by the net impact of the wrongdoing that will be alleged when the consolidated amended complaint is filed.

Accordingly, if this Court is inclined to permit Kirby's untimely submissions, then Proposed Interim Class Counsel must, regrettably, request leave to file a five page Response (and accompanying evidentiary submissions). This Response would correct what we believe are Kirby's clearly incorrect statements and address Kirby's untimely, new arguments. Proposed Interim Class Counsel have, for several reasons, not placed in the record their proposed Response without this Court's prior permission. (1) Procedurally, the practice of placing a previously unauthorized but proposed brief in the record has been criticized in this District.[5] (2) Substantively, doing so would unavoidably describe further errors in Kirby's conduct. (3) We recognize that Kirby did make a positive contribution here and, ideally, we would prefer to begin working inclusively together rather than devoting further energies to exposing Kirby's errors.

The record on the briefing permitted by the Court demonstrates, and if this Court decides to entertain additional submissions (including oral argument) the record will even more fully demonstrate, that this Court should appoint interim class counsel consisting of Lovell Stewart as Chairman, and Lowey Dannenberg and Robins Kaplan.

Respectfully submitted,

/s/Christopher Lovell
Christopher Lovell
Amanda N. Miller
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
*Counsel for Plaintiff William Karkut and Chairman of Proposed Interim Class Counsel*

/s/Vincent Briganti
Vincent Briganti
Geoffrey M. Horn
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway
White Plains, New York 10601
*Counsel for Plaintiff Prime International Trading, Ltd.*

---

[5] This Court prohibits filing a sur-reply without prior permission. *Individual Practices in Civil Cases, The Honorable Sarah Netburn, United States Magistrate Judge*, III.a ("Sur-reply memoranda will not be accepted without prior permission of the Court."); *Locals 302 and 612 of Intern. Union of Operating Engineers – Employers Const. Indus. Ret. Trust v. Blanchard*, 04 Civ. 5954, 2005 WL 2063852, at *5 n. 8 (S.D.N.Y. Aug. 25, 2005) (Preska, C.J.) (rejecting plaintiffs' request to file a sur-reply because the request "actually attached the…sur-reply that was the very subject of the request").

This Court originally characterized the November 26, 2013 submission by Proposed Interim Class Counsel as a "reply brief[]." *Prime Int'l*, 13 Civ. 3473, ECF No. 9. Such document was entitled a "reply." Therefore, the Kirby Doc. is arguably a sur-reply or arguably is (a heretofore unprecedented) "reply" to a "reply." *See* ECF No. 21.

/s/Bernard Persky
Bernard Persky
Hollis Salzman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue
New York, NY 10022
*Counsel for Plaintiff Patricia Benvenuto*

*Proposed Interim Class Counsel*

cc: Counsel of Record (by electronic mail)