# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1701 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20006-5805*

NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 20, 2013

<u>Via ECF</u>

The Honorable Andrew L. Carter, Jr.,
   Thurgood Marshall United States Courthouse,
      40 Foley Square, Room 435,
         New York, NY 10007.

      Re:   <u>In re: *North Sea Brent Crude Oil Futures Litigation*,</u>
            <u>No. 13-MD-02475 (ALC) (SN)</u>

Dear Judge Carter:

      Pursuant to 1(A) of Your Honor's Individual Practices and Local Rule 5.2(b), BP p.l.c, Statoil ASA, Morgan Stanley, Phibro Trading LLC, and Trafigura AG ("Defendants") respectfully submit this letter asking the Court to make available to Defendants the *ex parte* November 20, 2013 declaration of David E. Kovel.[1] Submitting this declaration *ex parte* was unfair and procedurally improper, and Kirby McInerney waived any possible work product protection by voluntarily and affirmatively submitting the information to the Court and relying on it in support of a motion.[2]

      On November 20, 2013, Kirby McInerney sought permission from the Court, *ex parte*, to submit an *ex parte* declaration in support of appointing Kirby McInerney as interim class counsel. (*See* Mot. of Pls Kevin McDonnell *et al.* to Appoint Kirby McInerney LLP as Interim Lead Counsel, at 3 n.8 (Nov. 20, 2013) (Dkt. 6); Reply Mem. in Support of Pls' McDonnell *et al.* to Appoint Kirby McInerney LLP as Interim Lead Counsel, at 1 (Dec. 2, 2013) (Dkt. 32-1.).) Kirby McInerney then moved to be

---

[1] Defendants submit this letter without waiving their defenses based on lack of personal jurisdiction. *See JP Morgan Chase Bank, N.A.* v. *Law Office of Robert Jay Gumenick, P.C.*, No. 08 Civ. 2154, 2011 WL 1796298, *2-3 (S.D.N.Y. Apr. 22, 2011).

[2] On November 27, 2013, Sullivan & Cromwell LLP requested a copy of the sealed declaration that had been filed *ex parte*, but Mr. Kovel declined to provide a copy.

appointed interim class counsel, citing the *ex parte* declaration to argue that Kirby "developed the most comprehensive claims asserted by any of the complaints . . . through pre-complaint investigation as well as subsequent work enhancing the allegations"— efforts that "have directly and substantially benefitted the litigation and resulted in more detailed identification of the claims." (Dkt. 6 at 7-8.) The declaration apparently seeks to bolster the allegations in complaints filed by Kirby McInerney by explaining the purported basis for those allegations and the purported investigation behind them. This deprives Defendants of due process. In particular, Defendants are entitled to know the allegations that Kirby McInerney is making to the Court about their purported conduct, so that Defendants can respond if necessary.

Except in unusual circumstances not present here, our adversary system prevents parties from putting this kind of one-sided argument before the Court without giving their opponents notice and a chance to respond. Indeed, "the overwhelming weight of authority favors the view that a court's reliance on *ex parte, in camera* submissions is strongly disfavored." *Schiller* v. *City of New York*, Nos. 04 Civ. 7921, 04 Civ. 7922, 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008) (affirming rejection of application to file *ex parte* declaration in support of a discovery motion and not involving classified information, state secrets, or submitted pursuant to a statutory scheme); *see also Joint Anti-Fascist Refugee Comm.* v. *McGrath*, 341 U.S. 123, 170 (1951) (Frankfurt, J., concurring) ("fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights"). This rule applies with special force where, as here, the proposed *ex parte* submission "merely offers commentary on and arguments relating to items *already* contained in the record" – in this case, commentary on and arguments relating to the complaints filed by Kirby McInerney. *Schiller*, 2008 WL 1777848, at *5.

Kirby's submission also was procedurally improper. An *ex parte* submission should be made only upon an application "which itself should be served on the adversary barring exceptional grounds for not doing so." *Campbell* v. *United States*, Nos. 91 Cr. 932, 94 Civ. 634, 1994 WL 361606, at *2 n.2 (S.D.N.Y. July 5, 1994); *see United States* v. *Hall*, 854 F.2d 1036, 1042 (7th Cir. 1988) (*in camera* review "requires adversarial safeguards" including "appropriate notice of such a request to the opposing party" so "the opposing party has an opportunity to respond").[3] Here, Kirby gives no grounds, much less "exceptional grounds," for failing to serve Defendants with a motion seeking permission to make an *ex parte* submission. Instead, Kirby argues that a motion was not required because this Court's Individual Practices provide a mechanism for submitting by e-mail "[l]etters to be filed under seal, *ex parte* settlement letters, proposed case management plans, or letters otherwise containing sensitive or confidential

---

[3] *See also Parisi* v. *Rochester Cardiothoracic Assoc.*, 159 F.R.D. 406, 407-08 (W.D.N.Y. 1995) (rejecting *ex parte* submission; "due process considerations become even more stark when an attempt is made by one party to submit matters *in camera* without advance notice to the opposing party that *in camera* review will be sought"); *Bell* v. *True*, 356 F. Supp. 2d 613, 616 n.2 (W.D. Va. 2005) ("[I]t better comports with the traditional notions of our adversarial process to allow the ex parte material only after the court has considered any opposition to its submission.").

information." (Individual Practices I(a) (cited in Dkt. 32-1, at 1).) Establishing procedures for the proper electronic submission of sealed documents does not rewrite the Federal Rules of Civil Procedure to permit, without procedural safeguards, any type of *ex parte* submission counsel wishes to make—especially because the Court's Individual Practices mention only "*ex parte* settlement letters," rather than *ex parte* filings generally.

Finally, to the extent that Kirby McInerney argues that the information in its declaration is work product, counsel has waived any such protection by voluntarily submitting that information to the Court and affirmatively relying on it to advance its own interests. *See Shared Med. Resources, LLC v. Histologics, LLC*, No. SACV 12-0612, 2012 WL 5570213 (C.D. Ca. Nov. 14, 2012) (rejecting *ex parte* application and stating that voluntary disclosure of privileged information would generate a subject-matter waiver of all factual work-product). "[P]rivileges may . . . be waived when invoked in some fundamentally unfair way," *Tribune Co. v. Purcigliotti*, No. 93 CIV. 7222, 1997 WL 10924, at *5 (S.D.N.Y. Jan. 10, 1997), such as here, where "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *Newmarkets Partners, LLC v. SAL Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 106 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also Granite Partners v. Bear, Stearns & Co., Inc.*, 184 F.R.D. 49, 54-55 (S.D.N.Y. 1999) (waiver where work product protection used "as both 'sword' and 'shield'") (internal quotation marks omitted).[4]

Accordingly, Defendants respectfully request that the Court (i) order Kirby McInerney to serve upon Defendants its *ex parte* request to the Court; and (ii) unseal Mr. Kovel's declaration, or order Kirby McInerney to serve the declaration on Defendants.

---

[4] Plaintiffs Prime International, Karkut and Benvenuto cite *Hammond v. Solutia, Inc. Employees' Pension Plan*, No. 06-CV-139, 2006 WL 1050692, at *1 (S.D. Ill. Apr. 20, 2006) for the proposition that "[c]ompeting counsel in other cases have given notice to the opposition and obtained prior Court permission before an *in camera* submission." (Reply Mem. In Further Support of Mot. To Appoint Lovell Stewart Kalebian Jacobson LLP, *et al.*, as Interim Class Counsel, at 6-7 (Dkt. 21).) While *Hammond* supports the proposition that a party seeking to submit an *ex parte* filing must provide notice to other parties, it does not show that *ex parte* review of lead counsel filings is generally permissible. In *Hammond*, the request to submit a reply brief *ex parte* and *in camera* was unopposed. 2006 WL 1050692, at *1. Here, Defendants do object to the *ex parte* filing for the reasons given above.

                Respectfully,

                **SULLIVAN & CROMWELL LLP**

By: _____
Daryl A. Libow
Amanda F. Davidoff

1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 956-6973
libowd@sullcrom.com
davidoffa@sullcrom.com

*Attorneys for BP p.l.c.*

cc:     Counsel of Record