KIRBY **McINERNEY LLP**

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
   Roger W. Kirby
   Alice McInerney

January 2, 2014

<u>Via ECF</u>

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York  10007

> Re:  *In re: North Sea Brent Crude Oil Futures Litig.*, No. 13-md-02475-ALC;
>      *McDonnell, et al. v. BP PLC, et al.*, Case No. 13-cv-7089-ALC;
>      *Taylor v. Royal Dutch Shell PLC, et al.,* Case No. 13-cv-8179-ALC

Dear Judge Carter:

We represent the Plaintiffs in the above-referenced *McDonnell* and *Taylor* actions.  We write respectfully to respond to the December 20, 2013 letter of Defendants Statoil ASA, Morgan Stanley, Phibro Trading LLC and Trafigura AG ("Defendants") requesting access to the *ex parte in camera* declaration of David E. Kovel ("Declaration").

Defendants argue that their belated request should be granted because the Declaration's *ex parte* nature was "unfair and procedurally improper."  Defendants' position is baseless because: (1) Plaintiffs followed the correct procedures for the submission of materials under seal and indeed notified all parties of the submission in their filings; and (2) Plaintiffs' *ex parte* submission was not unfair because it merely provided evidence of their counsel's diligence in pursuing Plaintiffs' claims subsequent to filing the complaints, actions that do not concern the substance or nature of Plaintiffs' allegations.

First, the filing was procedurally proper.  On November 20, 2013, in connection with their motion to appoint Kirby McInerney LLP as Interim Lead Counsel, Plaintiffs submitted the Declaration via confidential e-mail to Magistrate Judge Netburn for *in camera* review.  As required by Sections I.a. and IV.a. of Judge Netburn's Individual Practices, Plaintiffs requested permission to file the Declaration under seal by e-mailing a letter request to Judge Netburn via an e-mail address expressly designated for confidential submissions.  Plaintiffs also expressly noted in their Interim Lead Counsel motion papers that they had submitted the *ex parte* Declaration *in camera*.  *See* ECF Nos. 8 at p. 2; 9 at p. 3 n.8; 20 at p. 9; and 32-1 at 1.  Defendants therefore had immediate notice of the submission as evidenced by their communications about the submission with Plaintiffs' counsel on November 27, 2013.  *See* Defendants' letter at n. 2.

**Kirby McInerney LLP**
Page 2 of 4
The Honorable Andrew L. Carter, Jr.
January 2, 2014

Judge Netburn requires that any party seeking to submit a document under seal address the request in light of the Second Circuit Court of Appeals' opinion in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Plaintiffs followed these detailed procedures, and on November 22, 2013, Judge Netburn ordered that the Declaration be filed under seal. *See* ECF No. 19.[1]

Second, the Declaration only describes the investigation and work Plaintiffs and their counsel, Kirby McInerney LLP, have done to further the interests of the proposed class, particularly work conducted subsequently to the filing of the complaints. There is nothing unfair about this as the recital of these efforts is important for the lead counsel evaluation under Federal Rule of Civil Procedure 23(g) but does not otherwise impact the substance of the litigation. The Committee Notes to Fed. R. Civ. P. Rule 23(g) recognize that "in evaluating class counsel the court should weigh all potential factors" and that "[s]ome information relevant to class counsel appointment may involve matters that include adversary preparation in a way that should be shielded from disclosure to other parties." *See* Committee Notes on Rules – 2003 Amendment, Subdivision (g), Paragraph (1)(C). The Committee Notes further suggest that "[a]n appropriate protective order may be necessary to preserve confidentiality." *Id.* The circumstances here require appropriate means of protecting confidential information which Plaintiffs believe is relevant to class counsel appointment in this action.

Moreover, while Plaintiffs do assert in their moving papers that Kirby McInerney's investigation and work with experts continues, the resulting allegations will be filed with the Court in a consolidated complaint and, as the Court's review of the Declaration will demonstrate, have not been included in the *ex parte* Declaration as Defendants suggest.[2] Accordingly, there is simply no substance to Defendants' claim that vague "due process" concerns require their access to a declaration concerning the appointment of lead counsel in which Defendants have no cognizable interest, and which does not contain any substantive allegations concerning Defendants.

Defendants' curiosity regarding the factual underpinnings of the allegations contained in the complaints or future amended complaints can be addressed during the normal course of discovery and is currently premature. The case law relied upon by Defendants does not dictate otherwise. For example, *Campbell v. U.S.*, Nos. 91 Cr. 932, 94 Civ. 634, 1994 WL 361606, *2 n.2 (S.D.N.Y. July 5, 1994) applied to criminal proceedings, not the situation here where limited information is considered confidential and Plaintiffs otherwise publicly filed and served their

---

[1] There is therefore no basis for Defendants' suggestions that Plaintiffs' *ex parte* submission was procedurally improper. Local Rule 6.1 expressly provides that motion papers need not be served on all counsel where, as here, there are procedures "otherwise provided by . . . the Court in a Judge's Individual Practice." *See also* Fed. R. Civ. P. 5(a)(1)(D) ("a written motion, except one that may be heard ex parte" must be served on every party).

[2] *See* Mem. of Law in Support of Motion of Plaintiffs Kevin McDonnell, *et al.* To Appoint Kirby McInerney LLP As Interim Lead Counsel [ECF No. 6] at 8 ("Kirby McInerney has continued to investigate and coordinate its efforts with traders and consulting experts and has begun to frame a consolidated complaint").

**Kirby McInerney LLP**
Page 3 of 4
The Honorable Andrew L. Carter, Jr.
January 2, 2014

memoranda of law and supporting exhibits.[3]  Likewise, *Parisi v. Rochester Cardiothoracic Assoc., et al.*, 159 F.R.D. 406, 408 (W.D.N.Y. 1995) is inapposite because that case involved a discovery dispute for which meet and confer and notice obligations were not followed. Moreover, to the extent the Declaration contains confidential work product, it is not subject to discovery by Defendants, with or without the *ex parte* submission.  *See U.S. v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) ("Neither the interests of clients nor the cause of justice would be served, the court observed, if work product were freely discoverable.") (citation omitted).[4] Defendants also have made no showing that Plaintiffs have put privileged information "at issue" or that they have a "substantial need" for Plaintiffs' counsel's work product at this preliminary stage of the litigation.  *See* Defendants' Letter at 3.

Finally, the only case on point cited by Defendants is *Hammond v. Solutia, Inc. Employees' Pension Plan*, No. 06-cv-139-DRH, 2006 WL 1050692 (S.D. Ill. April 20, 2006) (citing Notes to Rule 23(g)), in which the court allowed the plaintiff to submit on an *ex parte* basis confidential work product to demonstrate that counsel was "best able to represent the interests of the class" under the Rule 23(g) criteria.  And other courts in this District have allowed similar *ex parte in camera* submissions regarding otherwise confidential information in considering the efforts and qualifications of interim lead counsel.  *See, e.g., In re Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC) (S.D.N.Y.), ECF Nos. 17, 19 and 23. The same result should obtain here.

Respectfully submitted,

*/s/ David E. Kovel*

David E. Kovel
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022

---

[3]  Relying on *Schiller v. City of New York*, Nos. 04 Civ. 7921, 04 Civ. 7922, 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008), Defendants argue that the Declaration, like the affidavit at issue in *Schiller*, "merely offers commentary on and arguments relating to items already contained in the record."  But *Schiller* involved a discovery dispute over documents that the New York City Police Department ("NYPD") claimed were not subject to discovery because they contained confidential information regarding undercover NYPD officers.  *Id.* at *1.  The documents themselves in *Schiller* were submitted and accepted for *in camera* review, and thus the Court denied the NYPD's request to submit *in camera* an additional *ex parte* declaration arguing why the documents were not subject to disclosure.  *Id.* at *5.  Here, the information submitted in the Declaration does not contain argument and is not found elsewhere in the record.

[4]  The *Shared Med Resources, LLC v. Histologics, LLC*, No. SACV 12-0612, 2012 WL 5570213 (C.D. Cal. Nov. 14, 2012), decision relied upon by Defendants does not command otherwise. In fact the *Shared Med Resources* court expressly declined to find that any waiver of privilege or work product had occurred from the plaintiff's *ex parte* filing with the court.  *See id.* at *4 (only "actual voluntary disclosure…is the waiver triggering event").

**Kirby McInerney LLP**
Page 4 of 4
The Honorable Andrew L. Carter, Jr.
January 2, 2014

Tel: 212-371-6600
Fax: 212-751-2540
dkovel@kmllp.com

*Counsel for Plaintiffs Kevin McDonnell,*
*Anthony Insinga, Robert Michiels, John*
*Devivo and Neil Taylor and*
*Proposed Interim Lead Counsel*

Cc:   Counsel of Record (via electronic filing)