UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NORTH SEA BRENT CRUDE OIL FUTURES LITIGATION<br><br>This document applies to: ALL CASES | 1:13-md-02475 (ALC) |
| KEVIN McDONNELL, ANTHONY INSINGA, ROBERT MICHIELS and JOHN DEVIVO, on behalf of themselves and all others similarly situated,<br>     Plaintiffs,<br>  v.<br><br>ROYAL DUTCH SHELL PLC, BP PLC, STATOIL ASA, MORGAN STANLEY, TRAFIGURA BEHEER B.V., TRAFIGURA AG, PHIBRO TRADING LLC, VITOL, S.A. and JOHN DOES 1-50,<br>     Defendants. | Case No. 13 Civ. 07089 (ALC)<br><br>ECF Case |
| NEIL TAYLOR, on behalf of himself and all others similarly situated,<br>     Plaintiff,<br>  v.<br>ROYAL DUTCH SHELL PLC, BP PLC, STATOIL ASA, MORGAN STANLEY, TRAFIGURA BEHEER B.V., TRAFIGURA AG, PHIBRO TRADING LLC, VITOL, S.A., and JOHN DOES 1-50,<br>     Defendants. | Case No. 13 Civ. 8179 (ALC)<br><br>ECF Case |

**PLAINTIFFS KEVIN MCDONNELL, ANTHONY INSINGA,
ROBERT MICHIELS, JOHN DEVIVO AND NEIL TAYLOR'S MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION TO BE APPOINTED LEAD PLAINTIFFS
AND TO APPOINT KIRBY MCINERNEY AS INTERIM LEAD COUNSEL**

                  **Proposed Interim Lead Counsel**

                  David E. Kovel
                  KIRBY McINERNEY LLP
                  825 Third Avenue, 16th Floor
                  New York, NY 10022
                  Telephone: 212-371-6600

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………………..1

ARGUMENT……………………………………………………………………………………..2

       A.      The Trader Plaintiffs Will Most Adequately Represent the Class………………..2

       B.      The Trader Plaintiffs Are Sophisticated Plaintiffs With In-Depth Trading and Industry Knowledge And Are Best Able to Represent the Interests of the Proposed Class……………………………………………………………………3

       C.      Kirby McInerney Will Most Adequately Represent The Class and Most Efficiently Prosecute The Claims In This Action………………………………4

CONCLUSION……………………………………………………………………………………7

## INTRODUCTION

Plaintiffs Kevin McDonnell, Anthony Insinga, Robert Michiels, John Devivo and Neil Taylor (the "Trader Plaintiffs") are sophisticated crude oil traders with in-depth trading and industry knowledge. These plaintiffs have actively traded Brent Crude Oil futures for numerous years and have vast trading experience on the NYMEX and on the Intercontinental Exchange ("ICE") platforms, as well as in the open outcry trading pits. Therefore, the Trader Plaintiffs are well-suited to work with their selected counsel, Kirby McInerney LLP, to lead this litigation.

The Trader Plaintiffs filed putative class actions that have been consolidated for all purposes into this MDL action. *See* Pretrial Order No. 1 [ECF No. 72] (consolidating, *inter alia*, case nos. 13-cv-7089 and 13-cv-8179). On November 13, 2013, the Trader Plaintiffs moved to appoint Kirby McInerney as Interim Lead Counsel. *See* ECF Nos. 8-10, 18-20, 32, 32-1, which are incorporated herein by reference. Subsequently, this Court entered an Initial Case Management Order requiring that any application for appointment of "lead plaintiff and lead counsel," if not already made, be filed by January 24, 2014. *See* Pretrial Order No. 1 at 7 [ECF No. 72]. Because the Trader Plaintiffs previously moved to lead this litigation through appointment of their counsel, Kirby McInerney, as Interim Lead Counsel and not specifically as the designated lead plaintiffs, they now additionally move to be appointed as Lead Plaintiffs.

Because Kirby McInerney and the Trader Plaintiffs are best able to represent the interests of all plaintiffs and the class in this action, the court should appoint Kirby McInerney as Interim Lead Counsel and should appoint the Trader Plaintiffs as Lead Plaintiffs. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) ("Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of the plaintiffs'"); *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) ("Ultimately, '[t]he goal of all the procedures surrounding the appointment of class counsel ... is to establish appropriate structures

and monitoring mechanisms to substitute for the ordinary attorney-client relationship and to assure performance of the fiduciary responsibilities owed by both the lawyer and the lead plaintiff to the class.'") (citations omitted).

## ARGUMENT

### A. The Trader Plaintiffs Will Most Adequately Represent the Class

The Trader Plaintiffs have vast Brent Crude Oil futures trading experience on the NYMEX and ICE platforms and in the open outcry trading pits. Each and all of the Trader Plaintiffs bring unique knowledge of the market to this action and are well-suited to work with their selected counsel, Kirby McInerney, to lead this litigation. The Trader Plaintiffs worked along side of each other for years in the NYMEX trading pits. Each of these Plaintiffs is well suited to lead this litigation, and collectively their trading knowledge and industry experience renders them exceptionally able to represent the interests of all proposed Class members.

Under the Commodity Exchange Act ("CEA") and the Sherman Act, there is no statutory authority, such as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737 (1995), which *requires* the Court to appoint a lead plaintiff in a proposed class action. Rather CEA and antitrust class actions, like the instant action, are governed by Fed. R. Civ. P. Rule 23, which requires only that a plaintiff proposed to sue on behalf of members of a class as a representative party "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). In fact, many courts in this District and others have consolidated CEA and antitrust actions, appointed interim lead counsel under Fed. R. Civ. P. 23(g), but have not appointed a lead plaintiff. *See, e.g., In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-MD-2262, 2011 WL 5980198, *1, *4 (S.D.N.Y. November 29, 2011) (consolidating actions and appointing Kirby McInerney co-lead counsel without appointing lead plaintiff). However, this Court has broad discretion "to establish appropriate structures and monitoring

2

mechanisms" to manage multiple overlapping and duplicative class actions. *See Corzine*, 286 F.R.D. 286 F.R.D. at 223; *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) ("Fed.R.Civ.P. 23(d) (grant[s] broad discretion to district courts to 'make appropriate orders' in order to facilitate management of class actions"); *In re LIBOR*, 2011 WL 5980198, at *4 (relying on case-specific factors to appoint interim lead counsel) (citing Fed. R. Civ. P. 23(g)(3); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing Manual For Complex Litigation (Fourth) § 21.11 (2004))).

To the extent that this Court finds that appointment of a lead plaintiff is necessary to the efficient management of this case at the pre-certification stage, the Trader Plaintiffs will fairly and adequately protect the interest of all class members, are committed to vigorously litigate the claims in this action and should be appointed as Lead Plaintiffs.

### B. The Trader Plaintiffs Are Sophisticated Plaintiffs With In-Depth Trading and Industry Knowledge And Are Best Able to Represent the Interests of the Proposed Class

Like the members of the proposed Class, each of the Trader Plaintiffs transacted in Brent futures contracts during the Class Period and was harmed by Defendants' alleged manipulation.[1] Some of the Trader Plaintiffs were leaders on NYMEX, holding seats on NYMEX, serving on the board of directors, and serving on committees, including the Crude Oil Advisory and Executive committees, where they establishing rules and procedures to protect all investors. *See* Complaint ¶¶ 23-26. Plaintiff Kevin McDonnell has been a member of the NYMEX Exchange

---

[1] *See McDonnell, et al., v. Royal Dutch Shell plc., et al.*, No. 13 Civ. 07089, Complaint ¶ 23; *Taylor v. Royal Dutch Shell plc., et al.*, No. 13 Civ. 8179, Complaint ¶ 22.  The plaintiff in the *Harter* action (13-cv-07443-ALC) moved to be appointed lead plaintiff to represent a separate class of plaintiffs consisting of real property owners that have been harmed by Defendants' alleged manipulation.  As set forth in the Trader Plaintiffs' memorandum in support of their motion to appoint Kirby McInerney as Interim Lead Counsel, the *Harter* action may be more appropriate for coordination of pretrial proceedings rather than consolidation for all purposes. *See In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-MD-2262-NRB, Slip Op. at 1-2 (S.D.N.Y. July 18, 2012) [ECF No. 187] (reversing consolidation order for actions transferred from districts outside of the Southern District of New York) (citing 17 Moore's Federal Practice § 112.07[b] (3d ed. 2012) (citing *Shulman v. Goldman, Sachs & Co.*) (*In re Penn Cent. Commercial Paper Litig.*), 62 F.R.D. 341, 344 (S.D.N.Y. 1974), *aff'd* 515 F.2d 505 (2d Cir. 1975)).

3

for more than 30 years, and according to NYMEX, he was "crucial to bringing the Brent crude oil futures contract to the trading floor as chairman of the crude oil advisory committee."[2] Neil "Taz" Taylor worked with Mr. McDonnell under NYMEX guidance, including the guidance of top-level NYMEX executives, to transition trading in Brent futures contracts to an electronic platform.  Mr. McDonnell, Mr. Taylor and the other Plaintiffs traded large positions over a number of years and therefore have enormous economic interests in vigorously prosecuting this action. *See In re MF Global Holdings, Ltd.*, 464 B.R. 619, 625 (Bankr. S.D.N.Y. 2012) ("under Rule 23(g)(1)(B), courts may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including "the vigorousness of the prosecution of the lawsuits").

The Trader Plaintiffs' experience and knowledge have already benefited the entire class, as they have worked alongside Kirby McInerney and its experts to develop the allegations of manipulation of Brent Crude Oil.

### C. Kirby McInerney Will Most Adequately Represent The Class and Most Efficiently Prosecute The Claims In This Action

The Trader Plaintiffs' superior Complaints[3] reflect the efforts and resources that they and Kirby McInerney have already devoted to the case.  Since courts in this District look to "the work performed by counsel in identifying and investigating potential claims" when determining the counsel "best able to represent the interests of the class"[4] in appointing lead counsel, Kirby

---

[2] *See* NYMEX Holdings, Inc. Schedule 14(a) Proxy Statement, filed with the SEC on March 5, 2002. http://www.sec.gov/Archives/edgar/data/1105018/000095012302002171/y56692def14a.txt

[3] "Complaints" refers to the complaints Kirby McInerney filed on behalf of the Trader Plaintiffs in *McDonnell, et al., v. Royal Dutch Shell plc., et al.*, No. 13 Civ. 7089 (S.D.N.Y. filed Oct. 4, 2013) and *Taylor v. Royal Dutch Shell plc., et al.*, No. 13 Civ. 8179 (S.D.N.Y. filed Nov. 15, 2013).

[4] *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 186 ("When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of' the plaintiffs"); *In re Converse Tech., Inc.*, No. 06 Civ. 1849, 2006 WL 3522375 (E.D.N.Y. Dec. 5,

4

McInerney is the obvious choice here. *See In re Municipal Deriv. Antitrust Litig.*, 252 F.R.D. at 186 (weighing various firms' "proffered investigative efforts" and appointing as interim lead counsel the firms that "expended substantially more effort and resources and obtained more substantial and more valuable and reliable information").

The Trader Plaintiffs' Complaints are the best evidence that Kirby McInerney has the knowledge and skill to prosecute this litigation and show that the skill set that Kirby McInerney brings to this case is unparalleled. David Kovel, who will personally spearhead the litigation on behalf of Kirby McInerney, is the only proposed lead attorney possessing experience trading in both physical commodities markets as well as futures markets. *See Corzine*, 286 F.R.D. at 224 (appointing as interim lead counsel plaintiffs' attorneys who had "substantial commodities futures experience of their own – as both lawyers and businesspeople" as a pertinent factor beyond the four considerations set forth in Rule 23(g)(1)(A) demonstrating "counsel's ability to fairly and adequately represent the interests of the class.") (quoting Fed.R.Civ.P. 23(g)(1)(B)).

It is this fluency with the interaction between the physical markets and the futures markets that has brought about the work product in the Trader Plaintiffs' Complaints. In addition, no other firm has pleaded new legal claims on the cutting edge of the law of the Commodity Exchange Act ("CEA"), as recently amended by the Dodd Frank Act. *See* Dodd Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 741, 124 Stat. 1376, 1731 (2010), enacting Section 6(c)(1) of the CEA, 7 U.S.C. § 9; 17 C.F.R. § 180.1. *See also* Complaint ¶¶ 281-288 (Plaintiffs' Second Claim for Relief).

The Trader Plaintiffs' and other Class members' claims are highly technical and involve the interplay between the futures market and derivatives and the physical pricing for Brent crude

---

2006) (affirming magistrate's appointment of lead counsel on grounds that their complaint contained a "superior factual backdrop").

oil. At this preliminary stage of the litigation, this Court should establish a simple leadership structure of sole Interim Lead Counsel, especially when Kirby McInerney has already demonstrated that it has the wherewithal to effectively prosecute this action on behalf of the class and to simultaneously avoid overstaffing, while keeping unnecessary costs to a minimum. *See MF Global Holdings, Ltd.*, 464 B.R. at 625 (appointing only one of a number of competing law firms that proved capable of adequately representing the class as interim lead counsel to best serve "administrative and judicial efficiency"). If appointed Interim Lead Counsel, Kirby McInerney will organize all plaintiffs' counsel to eliminate duplication of costs and efforts and allocate responsibilities as appropriate among all the various plaintiffs' counsel, and will keep all plaintiffs' counsel apprised of developments as this litigation progresses. *See In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. 2012).

Kirby McInerney has the financial, professional, investigative, and technological resources required to prosecute these claims. As set forth in the Trader Plaintiffs' motion to appoint Kirby McInerney Interim Lead Counsel, Kirby McInerney has been lead, co-lead and plaintiffs' counsel in a number of class action cases, including cases with antitrust and CEA claims like those asserted here, which resulted in landmark settlements.[5] Moreover, Kirby McInerney is committed and prepared to commit whatever resources are necessary to bring this

---

[5] *See* Memorandum of Law in Support of Motion of Plaintiffs Kevin McDonnell, Anthony Insinga, Robert Michiels, John Devivo and Neil Taylor to Appoint Kirby McInerney LLP as Interim Lead Counsel [ECF No. 9], at 8-14 (citing *e.g., In re Visa Check/MasterMoney Antitrust Litigation*, No. 96 Civ. 5238 (S.D.N.Y.) (over $3 billion settlement); *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions,* MDL No. 05-1671 (C.D. Cal, 2005) ($48 million settlement); *Charles Cox and Old Factories, Inc. v. Microsoft Corp.*, Index No. 105193/00, Part 3 (N.Y. Sup. Ct.) (settlement of approximately $350 million); *Gordon, et al. v. Microsoft Corp.,* No. 00-5994 (Minn. Dist. Ct. Hennepin Cnty. Ct.) (settlement of approximately $175 million); *In re Citigroup Inc. Sec. Litig.*, No. 07 Civ. 9901 (S.D.N.Y.) (settlement of approximately $590 million); *In re Cendant Corp. PRIDES Litig.*, No. 98 Civ. 2819 (D. N.J.)(a $350 million settlement); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456: *The City of New York, et al. v. Abbott Laboratories, et al.*, No. 01 Civ. 12257 (D. Mass) (to date over $225 million in recoveries).

important litigation to the best possible result. To date, Kirby McInerney has already made a significant investment in consulting experts, witness meetings, and data.

## CONCLUSION

For the foregoing reasons, and for the additional reasons provided in the Trader Plaintiffs' previous submissions to the Court,[6] the Trader Plaintiffs should be appointed as Lead Plaintiffs and Kirby McInerney should be appointed Interim Lead Counsel for all consolidated, related actions.

Dated: New York, New York
January 24, 2014

Respectfully submitted,

**KIRBY McINERNEY LLP**

   */s/ David E. Kovel*
David E. Kovel
Alice McInerney (*Of Counsel*)
Dan Hume
Andrew M. McNeela
Lauren Wagner Pederson (*Of Counsel)*
Thomas W. Elrod
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: 212-371-6600
  dkovel@kmllp.com
  amcinerney@kmllp.com
  dhume@kmllp.com
  amcnella@kmllp.com
  lpederson@kmllp.com
  telrod@kmllp.com

*Counsel for the Trader Plaintiffs and Proposed Interim Lead Counsel*

---

[6] *See id.; see also* Declaration of David E. Kovel in Support of Trader Plaintiffs' Motion to Appoint Kirby McInerney as Interim Lead Counsel [ECF No. 10]; Trader Plaintiffs' Response in Opposition to the Motion for Appointment of competing plaintiffs' counsel as interim lead counsel [ECF No. 20]; Reply Memorandum in Support of Trader Plaintiffs' Motion to Appoint Kirby McInerney as Interim Lead Counsel [ECF No. 32-1]; *Ex Parte In Camera* Declaration of David E. Kovel in Support of Plaintiffs' Motion to Appoint Kirby McInerney LLP as Interim Lead Counsel (the "Kovel *Ex Parte In Camera* Decl."), which was filed under seal [ECF Nos. 18-19].