

Peter Safirstein
Direct Dial: 212-564-1637
psafirstein@ForThePeople.com

March 7, 2014

VIA ECF FILING AND EMAIL

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:     *In re North Sea Brent Crude Oil Futures Litigation*, No. 13-md-2475 (ALC);
        *Harter v. BP PLC et al*, No. 1:13-cv-07443 (ALC)


Dear Judge Carter:

        We are interim co-lead counsel for the Coordinated Action, *Harter v. BP PLC et al*, No. 1:13-cv-07443-ALC, and we write on behalf of plaintiff David Harter ("Harter") to request that the Court grant his Proposed Scheduling Order or in the alternative allow a hearing on Tuesday March 11, 2014 to discuss the two scheduling orders submitted to Your Honor on March 6, 2014 (Doc. #s 111 and 112).

        Plaintiff Harter submitted a Proposed Scheduling Order (Doc # 111) suggesting that the briefing in the Coordinated Action be staged so the threshold common issue of the conspiracy to fix, restrain trade in, and manipulate the prices of North Sea Brent Crude oil and Brent Crude oil futures contracts can be decided.  If this threshold issue is decided in the negative, the Coordinated Action claims which are dependent upon this threshold issue become moot. Allowing the threshold issue to be decided first, therefore, will avoid wasting judicial resources on issues which will not be litigated if the conspiracy described above is found not to exist.

        The common issue of the conspiracy to fix, restrain trade in, and manipulate the prices of North Sea Brent Crude oil and Brent Crude oil futures contracts is clearly defined and therefore there will be no burden on defendants to determine which allegations in Harter's amended complaint are common or overlapping with those in the consolidated amended complaint.

        In fact, counsel for defendant BP, p.l.c. acknowledged this central threshold issue at the MDL hearing on October 10, 2013 and further indicated that a staged procedure "could possibly work" as indicated in the following exchange:

Honorable Andrew L. Carter, Jr.
March 6, 2014
Page 2

JUDGE KAPLAN: Is it correct that the common core, the core that's common to the two groups of cases, goes to the question of whether there was a manipulation in the first place?

MS. MICKELSON: That's correct.

JUDGE KAPLAN: *And if there was no manipulation in the first place, all of the cases are done for, right?*

MS. MICKELSON: *That's correct*.

JUDGE KAPLAN: So wouldn't it be appropriate, in your view, to put all these cases in New York and for the parties to tell Judge Carter, assuming it is he who winds up with it, we think the discovery ought to be common with respect to the question of whether there was a manipulation.

And let's deal with all of the motions relating to that, all of the discovery, *and at the end of the day if there is going to be summary judgment for the defense on the ground that there was no manipulation, you never have to worry  about any unique interests of the Louisiana plaintiffs*.  And if at the end of the day, on the other hand, there's a triable issue of fact on manipulation, then maybe it's appropriate to remand the Louisiana case to Louisiana.

How does that strike you?

MS. MICKELSON: *That sounds like it could possibly work.* I don't think that Judge Carter is not well suited to address the Louisiana class questions and the particularities of that class. In previous cases, this Court has concluded that different plaintiffs, the existence of different plaintiffs, even asserting·different claims, is not a preclusion and it's not a bar to centralization in a single jurisdiction.

JUDGE KAPLAN: My question didn't even presuppose that different courts would rule on the class issues that may be presented.  My question was simply that it seems to be from what I heard this morning and what I've read, is that *the two cases share in common the question of whether there was a manipulation. If there wasn't, they're all dead.  If there arguably was, it may be that at that point, and I don't know the answer to this, but it may be at that point there's a case for remanding to Louisiana the Louisiana case, which would have to be back for trial any way on the manipulation issue*.

MS. MICKELSON: *I think that's a possibility, Your Honor*, and that any motion for remand would be addressed at the time that it's filed.

[Emphasis added].

-   JPML Transcript, MDL No. 2475, page 16, line 25 – page 18, line 18.

Honorable Andrew L. Carter, Jr.
March 6, 2014
Page 3

Further, under Harter's proposed schedule, the defendants would not be in the position of duplicating their response to any individual issue.

Plaintiff Harter therefore respectfully requests that the Court grant his Proposed Scheduling Order or in the alternative, allow a hearing on the issue of the proposed scheduling orders. As there will be a delay in the briefing schedule until this matter can be resolved, we request that the hearing take place on March 11, 2014 or as soon as it is convenient for the Court.

Respectfully submitted,

Peter Safirstein

Cc: All counsel (by email)

Morgan & Morgan, P.C. | 28 West 44th Street | New York, NY 10036 | (212) 564-1637 Office | PSafirstein@ForThePeople.com