# WILMERHALE

April 16, 2014

**Robert W. Trenchard**

+1 212 230 8867 (t)
+1 212 230 8888 (f)
robert.trenchard@wilmerhale.com

**By ECF and Email**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Re: *In re: North Sea Brent Crude Oil Futures Litig.*, No. 13 MD 02475 (ALC)

Dear Judge Carter:

We represent Statoil ASA ("Statoil") in this case. Statoil agrees that Plaintiffs' request for early merits discovery should be rejected for all of the reasons in the letter submitted by Sullivan & Cromwell, on behalf of most Defendants. We write separately to address an additional reason that Plaintiffs' proposed discovery is particularly premature and inappropriate as to Statoil.

Statoil is 67% owned and controlled by the Kingdom of Norway, is incorporated under the laws of Norway, and is domiciled in Norway. Statoil is therefore a foreign state under the Foreign Sovereign Immunities Act ("FSIA") (28 U.S.C. § 1603 *et seq.*), which bars U.S. courts from asserting jurisdiction over any instrumentality of a foreign state, subject to certain exceptions. 28 U.S.C. §§ 1604-1605; *see Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 641 (S.D. Tex. 2012) (recognizing that the FSIA controls subject matter jurisdiction over Statoil and dismissing plaintiffs' claims in part on FSIA grounds). None of the FSIA exceptions apply here, and Statoil is therefore immune from suit under the FSIA. Statoil accordingly will move to dismiss Plaintiffs' claims for lack of subject matter jurisdiction, among other reasons, once Plaintiffs' consolidated class complaints are filed.

In the meantime, merits discovery would be inappropriate. The FSIA is intended to spare foreign sovereigns from the process of litigating in U.S. courts until jurisdiction is established. Allowing discovery against a sovereign before that determination has been made would "ineluctably 'frustrate the significance … and benefit of entitlement to immunity from suit.'" *Compania del Bajo Caroni (Caromin) v. Bolivarian Republic of Venezuela*, 556 F.Supp.2d 272, 282 (S.D.N.Y. 2008) (citation omitted). Courts therefore regularly prohibit merits discovery until the FSIA issue has been resolved. *See e.g. EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (upholding denial of discovery because plaintiff failed to "'show a reasonable

WILMERHALE

The Honorable Andrew L. Carter, Jr.
April 16, 2014
Page 2

basis for asserting jurisdiction'" over sovereign defendant (citation omitted).[1]  Indeed, here, allowing the discovery Plaintiffs seek would be especially inappropriate.  Plaintiffs seek access to documents provided by one sovereign entity to other sovereign entities.  Such an intrusion into sovereign relations should not be allowed until this Court determines whether it has jurisdiction over Statoil.

In that regard, none of the complaints in this matter purport to allege any exception to Statoil's immunity under the FSIA.  Nor could they.  The FSIA's "commercial activity" exception requires Plaintiffs to show that the challenged conduct had a "direct" effect in the U.S.  Here, the alleged manipulation of Brent oil prices by providing false information to Platt's reporting service overseas could not have such an effect. Rather, Plaintiffs' allegations depend upon an extensive and attenuated chain of cause and effect—the opposite of the "direct effect" required under the FSIA.  First, Platt's independent process of setting prices would have to be affected; then, an energy exchange would have to incorporate the Platt's price; then, that particular price would have to affect the price paid or received by Plaintiffs.  Such an attenuated chain of cause and effect is insufficient to support jurisdiction under the FSIA.  *See e.g. Virtual Countries Inc. v. Republic of South Africa*, 300 F.3d 230, 237-38 (2d Cir. 2002) (holding that "the requisite immediacy" required for the FSIA exception to apply is lacking where the alleged effect "depend[s] crucially on variables independent of" the conduct of the foreign sovereign).

Until the Court determines that it has jurisdiction over Statoil, it should not permit the discovery Plaintiffs seek.

Very truly yours,

Robert Trenchard

RT:mag
Cc: Counsel of Record (via email and electronic filing)

---

[1] *See also Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) (plaintiff not entitled to merits discovery against defendant airline until jurisdiction under FSIA resolved); *cf. Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534-37 (5th Cir. 1992) (denying any discovery based on failure to allege a proper basis for jurisdiction under FSIA).

WILMERHALE

The Honorable Andrew L. Carter, Jr.
April 16, 2014
Page 2

basis for asserting jurisdiction'" over sovereign defendant (citation omitted).[1]  Indeed, here, allowing the discovery Plaintiffs seek would be especially inappropriate.  Plaintiffs seek access to documents provided by one sovereign entity to other sovereign entities.  Such an intrusion into sovereign relations should not be allowed until this Court determines whether it has jurisdiction over Statoil.

In that regard, none of the complaints in this matter purport to allege any exception to Statoil's immunity under the FSIA.  Nor could they.  The FSIA's "commercial activity" exception requires Plaintiffs to show that the challenged conduct had a "direct" effect in the U.S.  Here, the alleged manipulation of Brent oil prices by providing false information to Platt's reporting service overseas could not have such an effect.  Rather, Plaintiffs' allegations depend upon an extensive and attenuated chain of cause and effect—the opposite of the "direct effect" required under the FSIA.  First, Platt's independent process of setting prices would have to be affected; then, an energy exchange would have to incorporate the Platt's price; then, that particular price would have to affect the price paid or received by Plaintiffs.  Such an attenuated chain of cause and effect is insufficient to support jurisdiction under the FSIA.  *See e.g. Virtual Countries Inc. v. Republic of South Africa*, 300 F.3d 230, 237-38 (2d Cir. 2002) (holding that "the requisite immediacy" required for the FSIA exception to apply is lacking where the alleged effect "depend[s] crucially on variables independent of" the conduct of the foreign sovereign).

Until the Court determines that it has jurisdiction over Statoil, it should not permit the discovery Plaintiffs seek.

Very truly yours,

Robert Trenchard

RT:mag
Cc:   Counsel of Record (via email and electronic filing)

---

[1]  *See also Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) (plaintiff not entitled to merits discovery against defendant airline until jurisdiction under FSIA resolved); *cf. Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534-37 (5th Cir. 1992) (denying any discovery based on failure to allege a proper basis for jurisdiction under FSIA).