## MEMO ENDORSED

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
  Roger W. Kirby
  Alice McInerney

April 11, 2014

**VIA ECF AND EMAIL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-22-14

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

      Re:    *In re: North Sea Brent Crude Oil Futures Litig.*, No. 13 MD 02475 (ALC)

Dear Judge Carter:

    We represent Plaintiffs in the above-captioned litigation.[1]  Plaintiffs respectfully request a pre-motion conference with the Court regarding their request that Defendants and third parties produce a copy of discovery materials that they *have already* produced to regulatory and governmental agencies regarding the alleged manipulation of Brent Crude Oil.  On January 2, 2014, prior to the appointment of interim lead counsel, Your Honor issued Pre Trial Order No. 1, which, *inter alia* suspended any outstanding discovery proceedings until further order of the Court pending the development of a "fair and efficient schedule." [ECF No. 72].  Plaintiffs now respectfully request, upon good cause, that the Court allow Plaintiffs leave to move to propose a discovery schedule in order to allow Plaintiffs to obtain the requested production and move this litigation forward in an efficient and expeditious manner.

    Although many of the complaints Plaintiffs filed in this consolidated action have strong substantive allegations, as the Court is aware, the conduct challenged in this litigation is the subject of ongoing investigations by the European Commission ("EC"), the U.S. Department of Justice ("DOJ"), the Federal Trade Commission ("FTC") and other regulatory and governmental agencies.[2]  We believe that the most efficient way for this litigation to proceed is to require the Defendants and relevant third parties, such as Platts, to provide to Plaintiffs the documents that they have already produced to the various authorities investigating the alleged manipulation of Brent Crude Oil.  Information that likely will result in superseding complaints is available in the documents that Defendants have already produced to the governmental and regulatory agencies.  A copy of the materials already provided to these agencies should be produced here for the following reasons:

    *First*, the Complaints already on file in this action provide a sound and timely basis for Plaintiffs' discovery request.  The requested materials are clearly relevant and properly subject to

---

[1]  This letter is submitted on behalf of the Brent Derivative Trader Plaintiffs in all actions in this consolidated multidistrict litigation.  The Landowner and Leaseholder Plaintiffs in the coordinated action, *Harter v. BP PLC, et al.* No. 13 Civ. 07443, join in this pre-motion conference request.

[2]  *See, e.g., Complaint* filed in *McDonnell v. Royal Dutch Shell PLC, et al.*, No. 13 Civ. 07089, ¶¶ 13-16, 232-34.

**Kirby McInerney LLP**
Page 2 Hon. Andrew L. Carter, Jr.
April 11, 2014

discovery. This case raises all the issues presented in the ongoing investigations into manipulation of Brent Crude Oil prices, and documents provided to the government and regulatory agencies therefore go to the very core of this case. Numerous courts have held that materials of this type are appropriately subject to discovery. *See, e.g., In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *10-12 (E.D. Pa. Nov. 29, 2004) (granting plaintiffs' motion for discovery of all documents submitted to the DOJ); *In re NASDAQ Market-Makers Antitrust Litig.*, 929 F. Supp. 723, 725 (S.D.N.Y. 1996) (same); *In re Wirebound Boxes Antitrust Litig.*, 126 F.R.D. 554, 555-56 (D. Minn. 1989) (same); *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 06 Civ. 01833 (E.D. Pa. Sept. 24, 2009) (Dkt. 93) (compelling production of documents already provided to FTC).

*Second*, the limited discovery that Plaintiffs request at this time would cause little burden or expense to Defendants and third parties. Courts require a party seeking a stay of discovery to meet a "heavy burden," to make a "strong showing" demonstrating undue burden, and not simply set forth "conclusory statements."[3] Defendants cannot show any such burden here. Plaintiffs seek only the production of the documents produced by Defendants and third parties to government investigators in the ***form already produced***. *See, e.g., In re Bank of Am. Corp. Sec., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (lifting stay of discovery and ordering production of documents already produced to various government agencies; where defendant had "already collected, reviewed, and organized the documents for production in other proceedings, the burden of making another copy for plaintiffs here will be slight"). It is now routine practice in litigation to produce a copy of such materials to the DOJ or any other party in an electronic form (either on a hard drive, a disk or zip files). Providing the Plaintiffs with a copy of such materials involves almost no work for the producing party – a copy can literally be made in a matter of hours (or less) at almost no expense. The *de minimis* effort required to provide a copy of such materials has been recognized by the courts in ordering such production. *See, e.g., Plastics Additives*, 2004 WL 2743591, at *12 ("[T]he production of these documents will impose only a minimum burden on the defendants, 'since the documents in question have already been identified and sorted.'").[4]

---

[3]   *See, e.g., Lofton v. Bank of America Corp.*, No. C 07-05892, 2008 WL 2037606, *1 (N.D. Cal. May 12, 2008) (Illston, J.) (granting motion to compel, denying motion to stay, and stating "The party seeking the stay has a 'heavy burden' to make a 'strong showing' to justify the stay. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). A showing of need must be particular and specific, *see Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995), and be more than a "conclusory statement that discovery would cause undue burden and expense." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev.1989)).

[4]   *Accord In re: Platinum and Palladium Commodities Litig.*, 10 Civ. 3617, Order, at 2 (S.D.N.Y. Nov. 30, 2010) (Dkt. 59) (ordering defendants to produce documents previously produced pursuant to CFTC subpoenas); *In re: Pool Products Distribution Market Antitrust Litig.*, No. 12 MD 02328, Pretrial Order #5, at 3-4 (E.D. La. June 4, 2012) (Dkt. 93) (defendants to produce documents previously provided to FTC); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, No. 09-cv-03690, Pretrial Order No. 1, at 4-5 (N.D. Ill. March 4, 2010) (Dkt. 75) (defendants to produce materials previously produced to CFTC, entered prior to parties' Rule 26(f) conference); *King Drug Co. v. Cephalon, Inc.*, No. 06 Civ. 1797, Order, at 2 (E.D. Pa. Sept. 24, 2009) (Dkt. 219) (defendants to produce all materials previously provided to the FTC); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07 MD 01819, Supplemental Case Management Order No. 1, at 2 (N.D. Cal. June 21, 2007) (Dkt. 217)

**Kirby McInerney LLP**
Page 3   Hon. Andrew L. Carter, Jr.
April 11, 2014

*Third*, Plaintiffs further respectfully submit that prompt production of a copy of these materials is appropriate and consistent with the directive that the Federal Rules be "administered to secure the just, speedy, and inexpensive determination" of every action, Fed. R. Civ. P. 1. Indeed, production of these materials will both expedite this litigation and create significant efficiencies. In accordance with this Court's Local Rules and Your Honor's Individual Practices, Plaintiffs' counsel conferred with Defendants' counsel and requested that Defendants produce these materials, but Defendants' counsel indicated that they will not produce the requested materials prior to the filing of a Consolidated Amended Complaint and resolution of their responsive motions to dismiss. This action has been designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in this District, which recommends discovery of documents and electronically-stored information *while* motions to dismiss are pending as part of the best practices for complex cases. [ECF No. 2, at 4]. Accordingly, there is no reason to delay producing any documents already provided to governmental and regulatory agencies until after the disposition of Defendants' as-yet-unfiled motion to dismiss.[5]

Specifically, providing a copy of documents that have already been provided to the U.S. and other authorities will allow Plaintiffs to review these documents during the several months in which Defendants file motions responsive to the amended complaint and those motions are heard and resolved by this Court. That process can be expected to last 5-6 months and production of the requested documents now is likely to expedite this litigation by several months as Plaintiffs can use this period to review the discovery materials that have already been produced to the EC, DOJ, FTC and others. Review of those materials will significantly assist plaintiffs in determining what additional materials are needed, identifying the relevant custodians, and identifying appropriate search terms for review of electronic documents. Stated succinctly, this

---

(defendants to produce all documents previously provided to the DOJ); *Meijer, Inc. v. Warner Childcott Holdings*, No. 05 Civ. 2195, Amended Case Management Order, at 5 (D.D.C. June 30, 2006) (Dkt. 41) (the United States and the defendants to produce, to the extent allowed by law, discovery requests and discovery, including transcripts of investigational hearings); *see also In re: Photochromic Lens Antitrust Litig.*, No. 10 MD 02173, Order at 2 (M.D. Fla. Sept. 9, 2010) (Dkt. 168) (order noting that defendants had agreed to produce "the same material that it provided to the FTC"); *In re Royal Ahold N.V. Securities & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004) (where defendant had already produced documents and other materials to governmental and regulatory bodies, "the burden of producing the materials" to class plaintiffs "should be slight, considering that the defendants have previously produced them to other entities").

[5]   The mere fact that defendants may file motions in response to the complaint is not a reason for defendants to decline to provide a copy of materials already provided to regulators. As numerous cases have held, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") does not require such pointless delay, nor under a fair reading of the allegations of the complaints in this case do efficiency and prudence counsel it. Recognizing the propriety and efficiency of proceeding with the production of documents turned over to a grand jury in a price fixing case at the same procedural juncture, the Court in *In re Lithium Ion Batteries Antitrust Litig.*, No. 13 MD 2420, 2013 WL 2237887, at *1 (N.D. Cal. May 21, 2013), permitted discovery of documents already produced to the DOJ or the grand jury because "the benefits of disclosure [...] outweigh any burdens of production." *See also In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) (*Twombly* ruling "did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge. Such a reading of that opinion is overbroad and unpersuasive.").

**Kirby McInerney LLP**
Page 4  Hon. Andrew L. Carter, Jr.
April 11, 2014

will provide a major head start for discovery in this case and will allow it to proceed in a far more efficient manner.

For the reasons stated here, Plaintiffs respectfully request that the Court grant leave to Plaintiffs to file a motion to propose a discovery schedule for the limited purpose of immediately permitting Plaintiffs to serve a Request for Production of Documents as addressed above.

Respectfully submitted,

_/s/ David E. Kovel_

David E. Kovel
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212)371-6600
Fax: (212)751-2540
dkovel@kmllp.com

*Interim Lead Counsel for the Brent Derivative Trader Plaintiffs*

Cc:   Counsel of Record (via electronic filing)

The application is ___ granted.
          X denied.

Andrew L. Carter Jr, U.S.D.J.
Dated: April 22, 2014
          NY, New York