**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:

NORTH SEA BRENT CRUDE OIL FUTURES          1:13-md-02475 (ALC)
LITIGATION

This document applies to:

1:13-cv-03473-ALC, 1:13-cv-03587-ALC,
1:13-cv-03944-ALC, 1:13-cv-04142-ALC,
1:13-cv-04553-ALC, 1:13-cv-04872-ALC,
1:13-cv-04938-ALC, 1:13-cv-05577-ALC,
1:13-cv-07089-ALC, 1:13-cv-08030-ALC,
1:13-cv-08151-ALC, 1:13-cv-08179-ALC,
1:13-cv-08240-ALC, 1:13-cv-08270-ALC.
------------------------------------------------------------x

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF**
**MERCURIA ENERGY TRADING, INC.'S MOTION TO DISMISS THE**
**AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

    John Terzaken (admitted *pro hac vice*)
    Molly Kelley (admitted *pro hac vice*)
    ALLEN & OVERY LLP
    1101 New York Avenue, NW
    Washington, DC 20005
    John.Terzaken@allenovery.com
    Molly.Kelley@allenovery.com

    M. Elaine Johnston
    1221 Avenue of the Americas
    New York, NY 10020
    Telephone: 212-610-6300
    Elaine.Johnston@allenovery.com

    *Attorneys for Mercuria Energy Trading, Inc.*

July 28, 2014

In the Amended Consolidated Class Action Complaint ("the McDonnell Complaint"), plaintiffs' name as defendants two, distinct Mercuria entities – Mercuria Energy Trading, Inc. (referred to in the McDonnell Complaint as "Mercuria Energy" and herein as "METI") and Mercuria Energy Trading SA (referred to in the McDonnell Complaint as "Mercuria" and herein as "METSA"). METSA is not presently before the Court in this action, as it has not been properly served by plaintiffs. METI, which has been served, joins the memoranda in support of Defendants' Joint Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint ("McDonnell brief"), and the Defendants' Joint Motion to Dismiss the Complaints as Exceeding the Extraterritorial Reach of U.S. Law ("Extraterritoriality brief").[1] METI respectfully submits this supplemental memorandum of law in support of its motion to dismiss the McDonnell Complaint to address the lack of any particularized allegations against METI.

## ARGUMENT

Nowhere in the McDonnell Complaint do plaintiffs make a single allegation of wrongdoing by METI. In fact, METI is referred to only seven times in the Complaint's 185 pages and, even then, those references relate solely to the nature of METI's business and where it is located:

- In paragraphs 1 and 50, plaintiffs name METI as a defendant and note it has offices in Chicago.

- In paragraph 488, plaintiffs allege that METI is affiliated with METSA, "is an active participants [sic] in both financial and physical markets" and "has been an importer of record in the U.S. for crude oil…."

- In paragraph 491, plaintiffs include a chart purporting to show that METI imported 910 thousands of barrels of crude oil in 2009.

Plaintiffs do not allege that METI engaged in any improper transaction; that METI falsely reported any information to Platts or any other price reporting service; or that METI otherwise participated in or benefitted from any of the allegedly unlawful conduct on which plaintiffs base their claims.

---

[1]  METI joined this motion exclusively as a defendant in the McDonnell Complaint. METI is not a defendant in the coordinated action captioned Harter v. Royal Dutch Shell plc, et al., 13-cv-7443.

Plaintiffs' allegations fail to state any cause of action against METI: Merely naming METI as a defendant and then group pleading allegations against "Defendants" generally does not suffice to meet the basic pleading requirements of Fed. R. Civ. P. 8. *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d. Cir. 2001) (affirming dismissal of a complaint that "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"); McDonnell brief at 41 (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Nor can plaintiffs state a claim based on METI's alleged affiliation with other Mercuria entities. *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2011 WL 7053807, at *15 (E.D.N.Y. Jan. 4, 2011) ("The argument that [] grouped defendants joined the alleged conspiracies through their corporate affiliation is precisely the sort of 'legal conclusion couched as a factual allegation' that *Twombly* and *Iqbal* deemed insufficient to state a claim.") Rather, the McDonnell Complaint must adequately allege the involvement of *each defendant* to ensure that METI, and every other defendant, has "fair notice of what the plaintiff[s'] claim[s] [are] and the ground[s] upon which [they] rest[]." *Atuahene*, 10 Fed. Appx. at 34.

Moreover, it is axiomatic that because plaintiffs' allegations fail to meet even the basic pleading requirements of Rule 8(a), they do not satisfy the heightened pleading requirements under Rule 9(b) that apply to plaintiffs' claims under the Commodity Exchange Act. *See* McDonnell brief at 12 (citing *In re Crude Oil Litig.*, 2007 WL 1946553, at *5 (S.D.N.Y. June 28, 2007)). Nor are they sufficient to give rise to a plausible inference under *Twombly* that METI participated in a conspiracy under the Sherman Act. *See* McDonnell brief at 34 (citing *Hinds Cnty., Miss. v. Wachovia Bank, N.A.*, 620 F. Supp. 2d 499, 512-16 (S.D.N.Y. 2009) and *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 541 F. Supp. 2d 487, 491-92 (D. Conn. 2008)). Accordingly, the McDonnell Complaint's claims against METI individually should be dismissed.

## CONCLUSION

For the foregoing reasons, and those set forth in the McDonnell and Extraterritoriality briefs, the Court should dismiss with prejudice and without leave to amend all claims against METI.

Dated:  July 28, 2014

        Respectfully submitted,

        /s/ John Terzaken
John Terzaken (admitted *pro hac vice*)
Molly Kelley (admitted *pro hac vice*)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
John.Terzaken@allenovery.com
Molly.Kelley@allenovery.com

M. Elaine Johnston
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300
Elaine.Johnston@allenovery.com

*Attorneys for Mercuria Energy Trading, Inc.*

3