# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
  Roger W. Kirby
  Alice McInerney

October 28, 2014

**BY HAND DELIVERY AND ECF**

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Re:   *In re: North Sea Brent Crude Oil Futures Litig.*, 13-md-02475-ALC

Dear Judge Carter:

In accordance with provision 2.A. of Your Honor's Individual Practices, we write on behalf of the Brent Derivative Trader Plaintiffs ("Plaintiffs") in the above-referenced matter to request that the Court hold a pre-motion conference to address Plaintiffs' intention to move for leave to amend their Consolidated Amended Class Action Complaint [ECF No. 166] to substitute parties.  In addition to the motion to dismiss filed jointly by Defendants [ECF No. 211], Royal Dutch Shell, plc ("RDS"), Morgan Stanley, and Phibro Trading LLC ("Phibro Trading") each filed supplemental motions to dismiss.  [ECF Nos. 227, 233, 224].  Those motions put Plaintiffs on notice that there are four additional entities which are proper parties to this litigation.  Plaintiffs therefore respectfully seek leave to amend their Complaint to substitute the following entities as defendants for John Does 1 through 4:

1. Shell Trading and Shipping Co. ("STASCO");
2. Shell UK Limited ("Shell UK");
3. Morgan Stanley Capital Group, Inc. ("MSCGI"); and
4. Phibro Commodities Limited ("Phibro Commodities").

Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires."  The standard that governs motions to amend is a "permissive" one, consistent with a "strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").  Plaintiffs satisfy all requirements of Rule 15(a), which provides for amendment to substitute parties.

Plaintiffs' request to amend the Complaint to replace the four John Does is the result of incomplete information, not gamesmanship or a lack of diligence.  Plaintiffs were unaware when they filed their Complaint that MSCGI, Phibro Commodities, STASCO, and Shell UK were

Hon. Andrew L. Carter, Jr.
October 28, 2014
Page 2

relevant corporate entities involved in the Brent crude oil market at issue in the Complaint. All four entities are affiliates of Defendants Morgan Stanley, Phibro Trading, or RDS, and all are part of complex, international corporate structures.

In their motions to dismiss, RDS, Morgan Stanley and Phibro each argued that it is not a proper party to this action. As set forth in Plaintiffs' opposition to these motions [ECF Nos. 245, 249, 250], Plaintiffs believe that they have plausibly alleged claims against each of these Defendants. With respect to the affiliates that Plaintiffs propose to name as Defendants, Phibro Trading identified Phibro Commodities, and Morgan Stanley identified MSCGI in their motions to dismiss. RDS challenged the Court's personal jurisdiction over RDS, claiming that it is a holding company that never engaged in Brent Crude Oil trades, but RDS did not identify which of its subsidiaries are the proper Defendants. RDS also refused Plaintiffs' request for jurisdictional discovery. Plaintiffs' investigation is ongoing, and Plaintiffs believe that they have sufficient information to name STASCO and Shell UK as Defendants, in addition to RDS.

Plaintiffs have not delayed in seeking leave to amend. Given the early stage of the case, Defendants cannot claim prejudice as a result of the proposed amendments. Finally, the amendments would not be futile. Rule 15(c)(1)(C) provides that an amendment relates back when the amended claim arises out of the same "conduct, transaction, or occurrence" set forth in the original complaint, and when "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See also Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010).

As affiliated entities that participated in the alleged misconduct, MSCGI, Phibro Commodities, STASCO and Shell UK were on notice of the action, and knew or should have known that, but for a mistake, they would have been named as defendants. The requirements of Rule 15(c) are therefore satisfied here. *Bishop v. Best Buy, Co. Inc.*, No. 08 Civ. 8427 (LBS), 2010 WL 4159566, at *3 (S.D.N.Y. Oct. 13, 2010) ("Under *Krupski* . . . the only question is whether . . . .[affiliates] knew or should have known that, absent some mistake, the action would have been brought against them."); *Espaillat v. Rite Aid Corp.*, No. 00 Civ. 2086 (GBD), 2003 WL 721566, at *5 (S.D.N.Y. Mar. 3, 2003) (describing the misidentification of related companies as the "classic case for application of the relation back rule").

Hon. Andrew L. Carter, Jr.
October 28, 2014
Page 3

                Respectfully submitted,

                 /s/ David E. Kovel

David E. Kovel
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: 212-371-6600
Fax: 212-751-2540
dkovel@kmllp.com

*Interim Lead Counsel for the Brent Derivative Trader Plaintiffs and the Proposed Class*

cc:    All Counsel of Record (by ECF)