

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Steven A. Reed**
Partner
215.963.5603
sreed@morganlewis.com

October 31, 2014

**VIA ECF & ELECTRONIC MAIL**

Honorable Andrew L. Carter, Jr.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, NY 10007
E-mail: ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *In re North Sea Brent Crude Oil Futures Litig.*, No. 1:13-MD-02475 (ALC)

Dear Judge Carter:

We represent Defendants Royal Dutch Shell, plc ("RDS") and Shell Trading US Company ("STUSCO") in the above-captioned litigation, which consists of (1) a consolidated action brought on behalf of a putative class of derivatives traders (the "Trader Action") asserting claims under the Commodity Exchange Act and the Sherman Act, and (2) a coordinated case brought on behalf of a putative class of landowners and leaseholders of oil producing property (the "Landowner Action") asserting claims under the Sherman Act and various state laws. RDS is a Defendant in both the Trader Action and the Landowner Action, while STUSCO is a Defendant only in the Trader Action.

Pursuant to paragraph 2.A of Your Honor's Individual Practices, we write in response to the October 28, 2014 letter submitted by Plaintiffs in the Trader Action requesting a pre-motion conference to address their intention to move for leave to further amend the Amended Consolidated Class Action Complaint that was filed on April 28, 2014. *See* Dkt. Nos. 125, 262. In particular, Plaintiffs seek to add new defendants, including Shell Trading and Shipping Co. ("STASCO") and Shell UK Limited ("Shell UK"), to this action. Plaintiffs cannot meet the standard governing motions to amend, and thus their intended motion would only result in wasted time and resources.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court may grant a plaintiff leave to amend its pleading "when justice so requires." "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (citation and internal quotation marks omitted). A motion for leave to amend may be



The Honorable Andrew L. Carter, Jr.
October 31, 2014
Page 2

denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (citation and internal quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiffs cannot demonstrate that the interests of justice require that leave to amend be granted, and there are many reasons why it should be denied.

**First,** Plaintiffs cannot justify their delay in seeking leave to amend to add STASCO and Shell UK now, nearly a year and a half after the first complaint in this action was filed in May of 2013. *See Prime Int'l Trading, Ltd. v. BP PLC, et al.*, No. 13-cv-3473 (S.D.N.Y.); *see also Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (leave to amend is properly denied where "where the motion is made after an inordinate delay, [and] no satisfactory explanation is offered for the delay"); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay[.]"). Plaintiffs claim that Defendants' motions to dismiss (which were filed 3 months ago) "put [them] on notice" that STASCO and Shell UK, among others, were proper parties. But, neither RDS nor STUSCO identified those entities as proper parties; Plaintiffs presumably identified them from publicly available information. Thus, to the extent Plaintiffs believe STASCO and Shell UK are proper parties, they could have and should have named them from the outset. *See Footbridge Ltd. Trust v. Countrywide Home Loans, Inc.*, No. 09 Civ. 4050, 2009 WL 4278179, at *2 (S.D.N.Y. Nov. 23, 2009) (denying motion for leave to amend filed four weeks after defendant filed a motion to dismiss after determining that "[t]his is not a circumstance where unforeseen events or new information gave rise to the need to further amend during the pendency of the motion to dismiss.").

Instead, Plaintiffs concede that they filed this action against RDS and STUSCO based upon information contained in press articles. Dkt. 249, at 19. They made a similar concession over a month ago (nearly two months after the motions to dismiss were filed) when they requested "jurisdictional" discovery to attempt to identify a proper party to sue. *See* Sept. 22, 2014 Correspondence from D. Kovel to S. Reed, Attachment A hereto ("Plaintiffs named RDS as a party to this action because news articles about the European Commission's inquiry about potential manipulation of crude oil prices identified RDS as a target of the investigation . . . ."); Sept. 25, 2014 Correspondence from S. Reed to D. Kovel, Attachment B hereto. Such reliance on news articles and government investigations is not a proper basis to bring an action, and it certainly cannot justify a year and a half of delay.

**Second,** any amendment would be futile. The deficiencies in Plaintiffs' pleading as to RDS and STUSCO would apply with equal force to their anticipated allegations against STASCO and Shell UK (neither of which is subject to general jurisdiction in the United States). *See* Dkt. Nos. 225, 227-28; *see also* Dkt. Nos. 200-02, 204, 201-12.

In any amendment, Plaintiffs would need to allege facts specific to each proposed new defendant that would be sufficient to establish jurisdiction and state claims for relief against them. *See*



The Honorable Andrew L. Carter, Jr.
October 31, 2014
Page 3

*FTC v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. Jan. 17, 2014) ("As a general matter, pleadings are required to specify "which defendant is alleged to have committed a particular . . . act." (internal quotation marks omitted)); *see also Moschetto v. Nassau County Sheriff*, No. 10-cv-1971, 2011 WL 2457927, at *4 (E.D.N.Y. June 16, 2011) (granting leave to amend to add defendants but "caution[ing] plaintiff that he must provide specific, detailed allegations regarding the personal involvement of each of the defendants whom he seeks to name in his Amended Complaint"). Indeed, Plaintiffs' inappropriate group pleading, which fails to distinguish between the various defendants, is one of the many bases for dismissal set forth in Defendants' pending motions to dismiss. Permitting Plaintiffs to introduce additional defendants, lumped together in Plaintiffs' expansive conspiracy claims, would only compound the problem and be futile.

**Third,** Defendants would suffer prejudice from the proposed amendment. RDS, STUSCO and the other Defendants have expended considerable resources preparing extensive motions to dismiss. As courts have recognized, the grant of leave to amend under such circumstances would be unduly prejudicial. *See Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) (holding that defendants would be prejudiced if leave to amend were granted because, *inter alia*, their motion to dismiss had been briefed and, thus, "[i]t would not be fair to require defendants to start all over with a new complaint containing new allegations"); *Vol. Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland*, No. 09 Civ. 4622, 2010 WL 4968247, at *6 (S.D.N.Y. Nov. 24, 2010) (denying leave to amend after concluding that "Defendants would be unfairly prejudiced: Defense counsel would have wasted resources, and Defendants would have needlessly incurred legal fees, in drafting motions to dismiss the original Complaint").

To make matters worse, even after conceding that RDS did not engage in the conduct at issue, Plaintiffs do not propose to drop their claims against it. *See* Dkt. No. 249, at 22 ("Plaintiffs mistakenly allege that RDS – rather than subsidiaries of RDS – made trades throughout the Class Period in physical cargoes of Brent crude, and Brent crude futures and derivatives."). And, Plaintiffs have yet to explain what, specifically, STUSCO is supposed to have done. Thus, forcing RDS and STUSCO to continue to defend themselves and bear the burden of moving to dismiss a new pleading would clearly be prejudicial.

For the foregoing reasons, RDS and STUSCO respectfully submit that Plaintiffs have not demonstrated that the interests of justice require that this Court grant them leave to again amend their pleading.

Respectfully submitted,

Steven A. Reed



The Honorable Andrew L. Carter, Jr.
October 31, 2014
Page 4

SAR/deb
cc:     All counsel of record via ECF