# Vinson&Elkins

Karl S. Stern  kstern@velaw.com
**Tel** +1.713.758.3828  **Fax** +1.713.615.5603

October 31, 2014

**By CM/ECF and E-Mail**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *In re North Sea Brent Crude Oil Futures Litig.*, No. 1:13-MD-02475 (ALC),
      Response to Plaintiffs' Request for a Pre-Motion Conference

Dear Judge Carter:

On behalf of Defendant Phibro Trading LLC, we write to express our intention to oppose Plaintiffs' anticipated request for leave to amend the Amended Consolidated Class Action Complaint. (Dkt. Nos. 262, 245.) As explained in both publicly available documents and in Defendant Phibro Trading LLC's Supplemental Memorandum of Law, Plaintiffs' claims were asserted against the wrong entity. It is Phibro Commodities Limited, a subsidiary of Phibro Trading LLC, that engaged in the alleged trades referenced in the Complaints. Now, more than a year after Plaintiffs first incorrectly named Phibro Trading LLC as a party, Plaintiffs announce their intention to add Phibro Commodities Limited as a defendant. Good reason exists to deny Plaintiffs' request because: (1) Plaintiffs' proposed amendment would be futile, (2) Plaintiffs have been dilatory in seeking amendment, and (3) amendment at this stage in the litigation would unduly prejudice Phibro Trading LLC.[1]

Plaintiffs' Proposed Amendment Would be Futile. Leave to amend may properly be denied as futile where, as here, "the proposed new pleading fails to state a claim on which relief can be granted." *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014) (internal citations

---

[1] It is within the sound discretion of the district court to deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing FED. R. CIV. P. 15(a)).

V&E

omitted). The adequacy of a proposed amended complaint to state a claim is to be judged by the same standards as those governing the adequacy of a filed pleading." *Id.*

As set out in Phibro's Supplemental Memorandum (Dkt. 224) and Defendants' Joint Memoranda in support of their Motions to Dismiss (Dkt. Nos. 201, 211, 219), Plaintiffs' claims against Phibro Trading LLC should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted. As to Phibro, Plaintiffs' only basis for the proposed amendment is to add or substitute Phibro Commodities as a defendant. Plaintiffs do not allege any new or different facts regarding either Phibro entity. Without any additional factual allegations, Plaintiffs' proposed amended complaint will fail for the same reason as does its live pleading—failure to state a claim on which relief can be granted. Put another way, absent any new factual allegations, Defendants' arguments made in support of dismissal of the claims against Phibro Trading LLC would fully support dismissal of the claims against Phibro Commodities Limited. Accordingly, Plaintiffs' proposed amendment would be futile and their request for leave should be denied. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (per curiam) (noting the well-established rule that leave to amend need not be granted where amendment would be futile).

<u>Plaintiffs Were Not Diligent in Seeking Amendment</u>. Another independent basis for denial of Plaintiffs' request is that Plaintiffs have been dilatory in seeking amendment. In early October 2013, Phibro Trading, LLC was named as a defendant in underlying action *McDonnell et al. v. Shell et al.*, Cause Number 13-CV-7089. More than one year later, Plaintiffs claim they "did not become aware of the need to add other Phibro affiliates until Phibro Trading filed its motion to dismiss . . . in which it named Phibro Commodities Limited . . . as a potentially liable entity." (Dkt. 245 at 5.) However, Plaintiffs provide no satisfactory explanation for why they were previously unaware of Phibro Commodities' role in the alleged trading activity. Indeed, no satisfactory explanation exists. *See Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (leave to amend is properly denied "where the motion is made after an inordinate delay, [and] no satisfactory explanation is offered for the delay").

Even a minimal amount of diligence at any time before Plaintiffs filed their Original Complaint, or during the year that has passed since filing, would have revealed to Plaintiffs that it was Phibro Commodities that engaged in the disputed trades. Such information has been publicly available on the Platts website since June 25, 2010.[2] Because Plaintiffs have

---

[2] Platts Subscriber Notes, "*Phibro New Trading Entity July 1*," June 25, 2010, http://www.platts.com/subscriber-notes-details/6140879 (announcing transfer of business activities, such that "Phibro Commodities Ltd. will appear in Platts' market-on-close assessment processes").

been dilatory in seeking amendment based on publicly available information, Plaintiffs are not entitled to amendment. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) (per curiam) (concluding that the plaintiff did not demonstrate good cause to amend where the factual basis for amendment was publicly available, but the plaintiff, without explanation, failed to timely move to amend the complaint).

Phibro Trading LLC Will Suffer Undue Prejudice if Plaintiffs are Permitted to Amend. Finally, Plaintiffs' request to amend at this stage in the litigation would cause undue prejudice. It is anticipated that Phibro Commodities, if added and properly served, would file additional briefing to challenge the Court's personal jurisdiction. The addition of this defendant would unduly delay the resolution of the case. The parties are in the midst of a scheduled briefing process, and Phibro Trading LLC and the other Defendants have already expended significant time and resources to brief the instant motions to dismiss.[3] Upon filing of Phibro Trading's reply briefs next month, the issues will be ripe for resolution, and the matter could be resolved in short order. The addition of Phibro Commodities, a foreign defendant that will likely challenge the Court's jurisdiction, will only work to delay the proceedings. In light of the futility of Plaintiffs' claims against Phibro Commodities, that delay is unduly prejudicial to Phibro Trading LLC.

For the foregoing reasons, Defendant Phibro Trading LLC will oppose Plaintiffs' anticipated request for leave to amend the Amended Consolidated Class Action Complaint. In the alternative, Phibro Trading LLC will ask that the Court defer ruling on Plaintiffs' request to amend until after ruling on the already-pending Motions to Dismiss.

Respectfully submitted,

Karl S. Stern
*Counsel for Phibro Trading LLC*

cc:   All Counsel of Record (via CM/ECF)

---

[3] *George v. Pathways to Housing, Inc.*, No. 10 Civ. 9505(ER), 2012 WL 2512964, at *7–8 (S.D.N.Y. 2012) ("allowing Plaintiff to amend his Complaint for a third time would be unduly prejudicial to Defendants who have already expended significant time and resources to brief the instant motions to dismiss the Second Amended Complaint"); *Kelly v. Ulster Cnty., NY*, No. 12–CV–1344, 2013 WL 3863929, at *4 (N.D.N.Y. July 24, 2013) ("Allowing plaintiff to amend his complaint for a fourth time would be unduly prejudicial to defendants who have already 'expended significant time and resources to brief the instant motions to dismiss.'").