# CADWALADER

Cadwalader, Wickersham & Taft LLP
One World Financial Center, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

New York   London   Charlotte   Washington
Houston   Beijing   Hong Kong   Brussels

October 31, 2014                                                    **BY ECF AND ELECTRONIC MAIL**

The Honorable Andrew L. Carter, Jr.
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *In re North Sea Brent Crude Oil Futures Litig.*, No. 13-md-2475-ALC

Dear Judge Carter:

      We write on behalf of our client, Morgan Stanley, in response to Plaintiffs' October 28, 2014 letter ("Letter") requesting that the Court hold a pre-motion conference to address Plaintiffs' intention to move for leave to amend their Consolidated Amended Class Action Complaint ("Amended Complaint") to add Morgan Stanley Capital Group, Inc. ("MSCGI") as a defendant.[1]   Plaintiffs' suggestion that they "were unaware when they filed their Complaint that MSCGI . . . [was a] relevant corporate entit[y] involved in the Brent crude oil market at issue" (Letter at 1-2) is demonstrably untrue.  Nor did "Morgan Stanley identif[y] MSCGI in [its] motion[] to dismiss" *Id.*  On the contrary, the Amended Complaint itself alleged that MSCGI was "the principal commodities trading arm of Defendant Morgan Stanley. MSCGI engaged in trading physical commodities and exchange-traded and OTC commodities derivative instruments."  Am. Cplt. ¶ 466.  A motion for leave to amend may be denied for good reason, which includes futility, bad faith, undue delay or undue prejudice. *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).  Given that Plaintiffs indisputably had knowledge of MSCGI when they filed their Amended Complaint, and consciously decided not to name MSCGI as a defendant at that time, the motion can be properly denied. *George v. Pathways to Housing, Inc.*, No. 10 Civ. 9505(ER), 2012 WL 2512964, at *7–8 (S.D.N.Y.2012).

      In the alternative, the Court should at a minimum defer consideration of any attempt to add another Morgan Stanley defendant until after the resolution of the merits of the current motions directed to the adequacy of the pleadings.  As set forth in its Supplemental Motion to Dismiss, the Amended Complaint does not state a plausible cause of action against Morgan Stanley. *See* ECF No. 233.  Stripped of conclusory allegations and distilled to its essence, the Amended Complaint asserts little more than that Morgan Stanley purchased or sold oil cargoes on three occasions over a 12-year period.  In each of those instances, Morgan Stanley is alleged to have acted in an economically rational manner, either selling at an alleged high price or

---

[1]   Plaintiffs did not attempt to confer with counsel for Morgan Stanley before submitting their request to the Court.

**Gregory A. Markel**   Tel +1 212 504 6112   Fax +1 212 504 6666   gregory.markel@cwt.com

# CADWALADER

The Honorable Andrew L. Carter, Jr.
October 31, 2014

buying at an alleged price that was too low. Under well-settled law, such limited allegations of normal trading decisions are insufficient to withstand a motion to dismiss. Because Plaintiffs do not seek to add any substantive allegations, the core defects in the allegations against Morgan Stanley will <u>not</u> be cured by adding another Morgan Stanley entity.

The parties engaged in extensive negotiations and the Court spent time considering and ruling on a comprehensive schedule for the motion to dismiss briefing. Pursuant to that schedule, Plaintiffs have already been permitted to amend their complaint and there has been voluminous briefing in connection with that Amended Complaint. Rather than delay or alter the schedule to allow another amendment to add another Morgan Stanley entity (which will ultimately be moot given the inadequacy of the Morgan Stanley-related allegations), the Court can either deny Plaintiffs' request, or, at a minimum, defer a decision until after a ruling on the motions to dismiss. If the Court defers the request and later decides there are adequate allegations against Morgan Stanley, then we would not object to the substitution of MSCGI for the parent holding company, Morgan Stanley, which should never have been named in the first place.[2]

Nor would it have been proper to permit any amendment to relate back to the date of the original filing against Morgan Stanley (October 4, 2013).[3] As a threshold matter, it is the Plaintiffs' "burden to establish the requirements for relation back under Rule 15(c)." *Wingspan Records, Inc. v. Simone*, 2014 WL 2116191, at *4 (S.D.N.Y. May 16, 2014). An amended complaint adding a new party only relates back under Rule 15(c)(1)(C) when the following conditions are met: "(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint was filed within the limitations period." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (emphasis in original). Plaintiffs have not satisfied the third or fourth requirements.

The Supreme Court has explained that the third requirement is not met where "the failure to name the prospective defendant in the original complaint was the result of a fully

---

[2]   Morgan Stanley did not and does not agree that MSCGI is a proper party, *inter alia*, because there is no proper party given the inadequacy of the allegations in the Amended Complaint.

[3]   While the Commodity Exchange Act and unjust enrichment claims are time barred regardless of whether an amendment relates back, for the reasons explained herein, the antitrust claims should be limited to the date of the amendment (should the Court grant such amendment), not the date the original complaint was filed (October 4, 2013).

Page 2

CADWALADER

The Honorable Andrew L. Carter, Jr.
October 31, 2014

informed decision as opposed to a mistake concerning the proper defendant's identity." *Krupski v. Costa Crociere, S.p.A.*, 130 S. Ct. 2485, 2496 (2010). Following this holding, courts look to whether "it would have been reasonable for [the prospective defendants] to conclude that their omission from the complaint was the result of a mistake." *Wingspan*, at *6. Here, there was no "mistake." Given that MSCGI is expressly described in the Amended Complaint as the "principal commodities trading arm of Defendant Morgan Stanley," and no new factual allegations are proposed, it is clear that Plaintiffs decided for tactical reasons not to name MSCGI as the defendant. Thus, it was "reasonable for [MSGCI] to assume that plaintiff's decision [about who to sue] was a conscious choice and not a mistake in identity." *Id.*[4] In any event, even if this Court were to somehow accept Plaintiffs' position that it was "unaware" of MSCGI's identity, notwithstanding the allegations in the Amended Complaint, the Second Circuit reaffirmed that "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity' satisfying Rule 15(c)." *Hogan*, 738 F.3d at 518.

Nor have Plaintiffs met their burden of establishing the fourth requirement. Plaintiffs' request to amend the Amended Complaint is well outside of the 120 day window. *Hogan*, 738 F.3d at 517. Moreover, the original complaint was not filed within the limitations period. *Id.* As demonstrated in Morgan Stanley's Supplemental Motion to Dismiss and Defendants' Joint Motion to Dismiss, Plaintiffs' claims pursuant to the Commodity Exchange Act and for unjust enrichment based on conduct before October 4, 2011 are time-barred and Plaintiffs' antitrust claims based on conduct before October 4, 2009 are time-barred. *See* ECF No. 211 at 445 n. 24; ECF No. 233 at 5 n. 11. For these reasons, Rule 15(c) has not been satisfied.

In sum, this Court should either deny Plaintiffs' request or at least defer the issue until after ruling on the adequacy of the allegations in the Amended Complaint (which Plaintiffs concede are not changing). If this Court were to consider Plaintiffs' request at this time, any amendment adding MSCGI should not be deemed to relate back to the original complaint against Morgan Stanley.

---

[4] In *Hart v. City of New York*, 2012 WL 5877436 (S.D.N.Y. Nov. 20, 2012), the court explained that where plaintiff is in possession of information at the time of filing, the "reasonable conclusion would be that plaintiff deliberately chose not to name the prospective defendants." *Id.* at *4. *Espaillant v. Rite Aid Corp.*, No. 00 Civ. 2086, 2003 WL 7211566, at *5 (S.D.N.Y. Mar. 3, 2003), cited by Plaintiffs, is inapposite because there plaintiffs were legitimately mistaken about the name of the corporate entity.

CADWALADER

The Honorable Andrew L. Carter, Jr.
October 31, 2014

Respectfully submitted,

*Gregory A. Markel*
Gregory A. Markel

*Counsel for Defendant Morgan Stanley*

cc: All Counsel of Record (via ECF)