UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

| | |
|---|---|
| NORTH SEA BRENT CRUDE OIL FUTURES LITIGATION | 1:13-md-02475 (ALC) |

This document applies to:

1:13-cv-03473-ALC, 1:13-cv-03587-ALC,
1:13-cv-03944-ALC, 1:13-cv-04142-ALC,
1:13-cv-04553-ALC, 1:13-cv-04872-ALC,
1:13-cv-04938-ALC, 1:13-cv-05577-ALC,
1:13-cv-07089-ALC, 1:13-cv-08030-ALC,
1:13-cv-08151-ALC, 1:13-cv-08179-ALC,
1:13-cv-08240-ALC, 1:13-cv-08270-ALC.
------------------------------------------------------------x

### REPLY IN SUPPORT OF
### MERCURIA ENERGY TRADING, INC.'S MOTION TO DISMISS THE
### AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

John Terzaken (admitted *pro hac vice*)
Molly Kelley (admitted *pro hac vice*)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
John.Terzaken@allenovery.com
Molly.Kelley@allenovery.com

M. Elaine Johnston
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300
Elaine.Johnston@allenovery.com

*Attorneys for Mercuria Energy Trading, Inc.
and Mercuria Energy Trading, S.A.*

November 26, 2014

In their opposition, plaintiffs concede that nowhere in the 598 paragraphs of the Amended Consolidated Class Action Complaint ("McDonnell Complaint") will the Court find a single allegation of wrongdoing by Mercuria Energy Trading Inc. (METI) or that METI acted in any way to join the conspiracy they claim as the basis for their action. Recognizing this failing, plaintiffs alternatively argue they have met their pleading burden by alleging basic, non-incriminatory facts relating to METI's corporate relationship with its sister entity[1], Mercuria Energy Trading S.A. (METSA), which is a separately named defendant in this action. Specifically, plaintiffs point to their allegation that METI and METSA are related corporate entities and, as part of that relationship, "[METSA] manages its price risks through [METI]." (Opp. at 2 (citing McDonnell Complaint ¶488)).[2] Purely on the basis of this corporate relationship, plaintiffs ask the Court to attribute to METI the allegations they make against METSA.[3] *Id.*

Plaintiffs' attempt to state a claim against METI by piggy-backing on allegations made against METSA ignores the legal presumption of corporate separateness and fails to give METI the required notice of the allegations against it. *See Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2011 WL 7053807, at *14-15 (E.D.N.Y. Jan. 4, 2011) (rejecting a "corporate grouping" pleading method that "impermissibly ignore[d] corporate separateness and therefore fail[ed] to state a viable [] claim"). METI has a fundamental right to understand the nature of the specific allegations asserted against it, as opposed to those asserted against METSA or any other named defendants. *Bell Atlantic v. Twombly*, 550 US 554, 555

---

[1] In their opposition brief, plaintiffs incorrectly refer to METI as a "subsidiary" of METSA. (Opp. at 2). In fact, METI is affiliated with METSA, but is not its subsidiary. See 7.1 Corporate Disclosure Statement for Mercuria Energy Trading, Inc., (METI), Dkt. 153 (filed 5/22/2014); 7.1 Corporate Disclosure Statement for Mercuria Trading, S.A. (METSA), Dkt. 266 (filed 10/29/2014).

[2] Even assuming for purposes of this motion that the allegations in the McDonnell Complaint are true, plaintiffs' opposition misstates the facts as pled. For example, the opposition asserts that "the trades attributed to METSA in the Complaint were executed by METI." Opp. at 2. No such allegation appears in the McDonnell Complaint.

[3] While not relevant for METI's motion to dismiss, it is noteworthy that plaintiffs' allegations fail to state a claim against METSA as well. *See* Supplemental Memorandum of Law in Support of Mercuria Energy Trading, S.A.'s Motion to Dismiss the Amended Consolidated Class Action Complaint. (Dkt. 267).

(2007) (stating that FRCP 8(a)(2) requires a pleading to "give the defendant fair notice of what the claim is and the grounds upon which it rests"); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d. Cir. 2001) (affirming dismissal of a complaint that "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"); *Hinds Cnty., Miss. v. Wachovia Bank, N.A.*, 620 F. Supp. 2d 499, 512-16 (S.D.N.Y. 2009); *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 541 F. Supp. 2d 487, 491-92 (D. Conn. 2008). Plaintiffs have not met this burden and, thus, the McDonnell Complaint should be dismissed as to METI in its entirety.

## CONCLUSION

For the foregoing reasons, and those set forth in METI's Supplemental Motion to Dismiss, as well as the McDonnell and Extraterritoriality Briefs, the Court should dismiss with prejudice and without leave to amend all claims against METI.

Dated:  November 26, 2014

Respectfully submitted,

 /s/ John Terzaken
John Terzaken (admitted *pro hac vice*)
Molly Kelley (admitted *pro hac vice*)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
John.Terzaken@allenovery.com
Molly.Kelley@allenovery.com

M. Elaine Johnston
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300
Elaine.Johnston@allenovery.com

*Attorneys for Mercuria Energy Trading, Inc. and Mercuria Energy Trading, S.A.*