**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re:

NORTH SEA BRENT CRUDE OIL FUTURES           1:13-md-02475 (ALC)
LITIGATION

This document applies to:

1:13-cv-07443-ALC (Coordinated Case)

-------------------------------------------------------------x

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT
MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT .................................................................................................................. 1
    A.    Plaintiff's Attempts to Salvage His Federal Antitrust Claims Fail ....................... 1
        1.    Plaintiff Cannot Establish Injury-in-Fact And Thus Lacks Standing ........ 1
        2.    Plaintiff Is Not An Efficient Enforcer of the Antitrust Laws..................... 3
    B.    Plaintiff's State Unfair Trade Practices Claims Also Should Be Dismissed ......... 5
        1.    Plaintiff Lacks Constitutional Standing ..................................................... 5
        2.    Plaintiff's Claims are Barred by the Dormant Commerce Clause ............. 6
        3.    Many of Plaintiff's Claims are Barred by State Statutes of Limitations ................................................................................................ 7
        4.    Plaintiff Failed to Plead Facts to Support His Claim Under State Statutes ...................................................................................................... 7
III. CONCLUSION ................................................................................................................ 8

## **TABLE OF AUTHORITIES**

Page(s)

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)................................................................................................................4

*Blue Shield of Virginia v. McCready*,
   457 U.S. 465 (1982)................................................................................................................3

*De Atucha v. Commodity Exch., Inc.*,
   608 F. Supp. 510 (S.D.N.Y. 1985) .........................................................................................4

*Gatt Commc'ns, Inc. v. PMC Assocs., Inc.*,
   711 F.3d 68 (2d Cir. 2013)......................................................................................................3

*Hoffman v. UBS-AG,*
   591 F. Supp. 2d 522 (S.D.N.Y. 2008).....................................................................................6

*In re Crude Oil Commodity Futures Litig.*,
   913 F. Supp. 2d 41 (S.D.N.Y. 2013).......................................................................................4

*In re Digital Music Antitrust Litig.*,
   812 F. Supp. 2d 390 (S.D.N.Y. 2011).....................................................................................6

*In re HSBC Bank, USA, N.A. Debit Card Overdraft Fee Litig.*,
   1F. Supp. 3d 34 (E.D.N.Y. 2014) ...........................................................................................5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   962 F. Supp. 2d 606 (S.D.N.Y. 2013).....................................................................................2

*Jurgensen v. Felix Storch, Inc.*,
   No. 12 Civ. 1201(KBF), 2012 WL 2354247 (S.D.N.Y. June 14, 2012) .................................6

*Laydon v. Mizuho Bank, Ltd.*,
   No. 12-cv-3419, 2014 WL 1280464 (S.D.N.Y. Mar. 28, 2014)..........................................2, 4

*Lorenzo v. Qualcomm Inc.*,
   603 F. Supp. 2d 1291 (S.D. Cal. 2009)...................................................................................3

*Mahon v. Ticor Title Ins. Co.*,
   683 F.3d 59 (2d Cir. 2012)...................................................................................................5, 6

*Ocean View Capital, Inc. v. Sumitomo Corp.*,
   No. 98 Civ. 4067 (LAP), 1999 WL 1201701 (S.D.N.Y. Dec. 15, 1999) ................................4

*Reading Indus., Inc. v. Kennecott Copper Corp.*,
   631 F.2d 10 (2d Cir. 1980)......................................................................................................5

*Simington v. Lease Fin. Grp., LLC*,
 No. 10 Civ. 6052, 2012 WL 651130 (S.D.N.Y. Feb. 28, 2012) ................................................5

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris*, *Inc.*,
 171 F.3d 912 (3d Cir. 1999) ......................................................................................................3

## I. INTRODUCTION

Plaintiff David Harter's Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss (Dkt. 252) (cited as "Opp'n") relies principally on arguments made by the Trader Plaintiffs that either have no merit or are simply inapplicable to this case—which involves a different putative class, a different theory of harm, and a different set of factual allegations. Where Plaintiff does try to face directly the defects in his pleading, his efforts fall far short.

*First*, Plaintiff is unable to point to any allegations in the Complaint that identify specific transactions affected by Defendants' alleged conduct. In the absence of such allegations, Plaintiff cannot establish injury-in-fact.

*Second*, Plaintiff effectively concedes that he has no direct, market-based connection to any of the Defendants, that his theory of harm depends upon a causal chain comprised of a number of vaguely defined links, and that any damage model for his theory would require multiple levels of speculation. Thus, Plaintiff is not as a matter of law an "efficient enforcer" of the antitrust laws and lacks antitrust standing under controlling law.

*Third*, Plaintiff fails to overcome the facts that (1) he lacks constitutional standing to bring claims under the laws of states other than Louisiana; (2) the dormant Commerce Clause bars his state law claims; (3) many of his claims are time-barred; and (4) the essential elements of the state statutes he invokes have not been pled in his Complaint.

Accordingly, Plaintiff's Complaint must be dismissed.

## II. ARGUMENT

### A. Plaintiff's Attempts to Salvage His Federal Antitrust Claims Fail.

#### 1. Plaintiff Cannot Establish Injury-in-Fact And Thus Lacks Standing.

Plaintiff tries to sidestep Defendants' argument that he has not alleged the injury-in-fact element of antitrust standing (Memorandum of Law in Support of Defendants' Joint Motion to

1

Dismiss Plaintiff's Amended Class Action Complaint ("Mem.") Dkt. 219 at 9-10) by citing the Complaint's threadbare averments that, during the time period when Defendants supposedly were engaged in manipulative activity, he "had working and royalty interests in oil producing lands . . . from which oil was produced and sold based on the WTI benchmark" resulting in "reduced compensation" in some unspecified amount. (Opp'n at 4 (citing Compl. ¶¶ 109, 115, 131, 134)). But Plaintiff's argument and cites to these conclusory allegations highlight his failure to allege injury-in-fact. Indeed, his use of the passive voice—"oil was . . . sold"— is particularly telling. *See, e.g.*, Compl. ¶¶ 109, 115. Nowhere does Plaintiff allege that *he* actually sold oil (as opposed to the operator of the field in which he had a partial interest), much less the details of any transaction: such as the date, parties, quantity, price, how the price was affected by alleged manipulation of the benchmark for different grades of crude oil in Europe, or how that affected any royalty distribution he received.

In this regard, Plaintiff's injury allegations resemble (but are even more remote than) the allegations in *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419, 2014 WL 1280464 (S.D.N.Y. Mar. 28, 2014), in which the plaintiff alleged simply that he "initiated short positions in CME Euroyen TIBOR futures contracts and suffered net losses" due to supposedly artificial prices attributable to alleged manipulation. *Id.* at *8 (internal quotation marks omitted). The *Laydon* court held that plaintiff had not adequately alleged injury-in-fact because, like Plaintiff here, he did "not identify or describe a single actual transaction underlying his claim" and, in particular, did not "provide any detail" about the positions he initiated or the prices at which he entered those positions. *Id.*

Plaintiff does not even try to address *Laydon*. And his attempt to distinguish his allegations from those found inadequate in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*,

2

962 F. Supp. 2d 606 (S.D.N.Y. 2013) is unavailing.  Like Plaintiff here, the *LIBOR* plaintiffs alleged only generally that they "were harmed by [d]efendants' manipulation" instead of providing details concerning particular transactions in which they were harmed, which the court determined was not enough to plausibly allege injury.  *Id.* at 621.

### 2. Plaintiff Is Not An Efficient Enforcer of the Antitrust Laws.

Plaintiff's indirect connection to Defendants and the remote and speculative nature of his alleged injuries preclude a finding that he is an "efficient enforcer" of the antitrust laws, which also is necessary for him to have antitrust standing.  *Gatt Commc'ns, Inc. v. PMC Assocs., Inc.*, 711 F.3d 68, 76 (2d Cir. 2013).  Faced with the fact that he did not participate in the physical Brent Crude Oil market where the challenged conduct allegedly took place, Plaintiff argues that antitrust standing is not limited to participants in the allegedly restrained market.  (*See* Opp'n at 5-6).  Plaintiff cites *Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982) for this proposition.  However, the "narrow exception" created in *McCready* is only available "for parties whose injuries are 'inextricably intertwined' with the injuries of market participants," such that they are the "necessary means" by which an alleged conspiracy is carried out.  *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1300-01 (S.D. Cal. 2009) (internal citations omitted).  Plaintiff indisputably does not fit within this category, and the "simple invocation" of the words "inextricably intertwined" does not suffice.  *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 926 n.8 (3d Cir. 1999).

Moreover, Plaintiff lacks standing because his theory depends on an attenuated causal chain in which alleged manipulation of trades in physical Brent Crude Oil in Europe affects

3

contracts tied to WTI and LLS in the United States. (Mem. at 12-13).[1] *In re Crude Oil Commodity Futures Litig.*, 913 F. Supp. 2d 41 (S.D.N.Y. 2013), which Plaintiff cites, is inapposite. There, the court held that a putative class of traders in futures contracts for WTI had antitrust standing to assert claims based on alleged manipulation of physical WTI. *Id.* at 57. Here, in contrast, Plaintiff cannot claim a direct link between allegedly manipulative trades in physical Brent Crude Oil in the North Sea and the sale of oil, interests in oil production, or oil producing land in Louisiana (and elsewhere in the U.S.) that were allegedly tied to the price of WTI or LLS. As outlined in Defendants' opening brief, unlike in *Crude Oil*, Plaintiff's theory of harm in this case relies on a highly attenuated series of "vaguely defined links" involving different products and different geographies. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 540 (1983). Thus, Plaintiff's allegations, like the allegations in *Laydon*, are "too indirect to support antitrust standing." *Laydon*, 2014 WL 1280464, at *9 (plaintiffs lacked antitrust standing where they alleged Yen LIBOR manipulation affected the Euroyen TIBOR benchmark, which in turn, affected Euroyen TIBOR futures).

Once again, Plaintiff makes no effort to distinguish *Laydon*. Nor does he address the other on-point decision from this court, *De Atucha v. Commodity Exch., Inc.*, 608 F. Supp. 510 (S.D.N.Y. 1985), and his attempt to minimize the import of *Ocean View Capital, Inc. v. Sumitomo Corp.*, No. 98 Civ. 4067 (LAP), 1999 WL 1201701 (S.D.N.Y. Dec. 15, 1999) fails. Plaintiff mainly attacks the brevity of the *Ocean View* court's analysis. (Opp'n at 8). But extensive analysis is not required to reach the conclusion that a plaintiff whose theory of injury is

---

[1] Defendants described in detail the multiple links in the causal chain Plaintiff posits. (Mem. at 12-13). Plaintiff has not disputed that, in order to prove his antitrust claim, he will need to demonstrate that all of these links are present. Indeed, because he does not even allege that he participated directly in *any* transaction that was supposedly affected by the alleged manipulation, his theory of causation is even more attenuated.

predicated on a tenuous relationship between separate markets on either side of the Atlantic Ocean lacks antitrust standing. *See Ocean View*, 1999 WL 1201701, at *4.[2]

For each of the foregoing reasons, as well as those set forth in the Joint Trader Reply, which is incorporated herein, Plaintiff's Sherman Act claims must be dismissed.[3]

### B. **Plaintiff's State Unfair Trade Practices Claims Also Should Be Dismissed.**

#### 1. **Plaintiff Lacks Constitutional Standing.**

Plaintiff's state law claims should be dismissed for lack of standing because Plaintiff has no basis to invoke the law of any state other than Louisiana. (Mem. at 15); *see also In re HSBC Bank, USA, N.A. Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014) (collecting cases and holding "[p]laintiffs may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to that state."). Plaintiff does not dispute that he lacks standing to assert claims under the laws of other states, but asks the Court to defer ruling on the issue until class certification, asserting that "the fact that [he] may not have individual standing to allege violations of laws in states other than those in which they [sic] were [sic] injured is immaterial at the present time." (Opp'n at 10). But, standing is an essential element to the "bedrock" case-or-controversy requirement. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).

Contrary to Plaintiff's argument, courts in this district do not unanimously require deferral until class certification. (Opp'n at 8-9). Plaintiff simply ignores *Simington v. Lease Fin.*

---

[2] Plaintiff also does not dispute the fact that any attempt to create the necessary "but for" world to assess his alleged harm would required a complex and inherently speculative economic analysis. (Mem. at 14). This independently dooms any claim that Plaintiff has antitrust standing. *Reading Indus., Inc. v. Kennecott Copper Corp.*, 631 F.2d 10, 14 (2d Cir. 1980).

[3] Because Plaintiff's antitrust claims fail under federal law, and because Plaintiff has essentially conceded that state law should be applied consistent with federal law, Plaintiff's state antitrust claims should be dismissed as well. (Mem. 219 at 18 & Appendix ("App.") 1).

*Grp., LLC*, No. 10 Civ. 6052, 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012), which held—before class certification was decided—that plaintiffs lacked standing to bring claims under the statutes of 43 states as to which they failed to plead any connection.[4]

This approach is consistent with the Second Circuit's pronouncement in *Mahon* that the standing inquiry is a precursor to the class certification inquiry, and that the only narrow exception to this rule applies in cases in which "the Article III concerns would arise only if the Court affirmed class certification." *Mahon*, 683 F.3d at 65.  Here, Plaintiff asserts that several of his non-Louisiana claims "are brought individually." (Opp'n at 12).  If that is true, concerns regarding standing would therefore arise outside of the certification context, and the class certification issues would not be dispositive.  Accordingly, this case does not meet the narrow exception outlined in *Mahon*, and the Court should not defer ruling.

### 2.     Plaintiff's Claims are Barred by the Dormant Commerce Clause.

Plaintiff's claims are based on wholly out-of-state transactions and are therefore barred by the dormant Commerce Clause. *See In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) (requiring a showing of "significant impact on intrastate commerce"). Plaintiff's theory is that the alleged manipulation of Brent Crude Oil prices outside the U.S. suppressed prices for WTI and LLS in the U.S.[5]  Such "tangential connections" do not satisfy the dormant Commerce Clause. *See id.*  Plaintiff only provides a list of 7 out of the 29 states which "originate oil subject to WTI." (Compl. ¶ 38).  Even assuming that the connection between

---

[4] *Simington* is one of a long line of Southern District of New York cases in which the question of standing was decided before class certification. *See, e.g.*, *Jurgensen v. Felix Storch, Inc*., No. 12 Civ. 1201(KBF), 2012 WL 2354247, at *10 (S.D.N.Y. June 14, 2012); *Hoffman v. UBS-AG,* 591 F. Supp. 2d 522, 532 (S.D.N.Y. 2008).  The cases upon which Plaintiff relies all were decided prior to *Simington*.

[5] In his Opposition, Plaintiff cites to a handful of statements in his Complaint in which he purports to allege an impact on intrastate commerce. (Compl. ¶¶ 5, 35-38, 179).

Defendants' alleged conduct and WTI-based oil prices is not too attenuated (it is), Plaintiff fails to explain how a change in the price of WTI or LLS would affect the markets in the 22 remaining states.[6]

### 3. Many of Plaintiff's Claims are Barred by State Statutes of Limitations.

Furthermore, Plaintiff's claims are time-barred under the statutes of limitations of various states. (Mem. at 18-20 & App. 2). Plaintiff's Opposition essentially rests on his Complaint and fails to address Defendants' challenges to his equitable tolling theory. (Opp'n at 11). Because Plaintiff does not dispute that his claims are based on publicly available information, tolling is inappropriate.

### 4. Plaintiff Failed to Plead Facts to Support His Claim Under State Statutes.

Defendants detailed in their opening brief additional state law bases for dismissing Plaintiff's claims: (1) failure to allege unlawful conduct or injury in the state, (2) failure to allege that Plaintiff or any putative class member is a "consumer" as required by several states, and (3) the prohibition against private class actions in several states. (Mem. at 20-21). Plaintiff fails to adequately address these grounds for dismissal. As demonstrated above, Plaintiff has not alleged unlawful conduct or injury in most of the states whose causes of action he asserts. Plaintiff argues that his failure to satisfy the "consumer" requirement under certain state statutes is a question of typicality that should be resolved at class certification (Opp'n at 12); yet, this argument ignores his failure to plead that he or any other person is a consumer. Finally, Plaintiff argues that, to the extent state statutes prohibit class actions, putative class members are asserting claims in their individual capacity. This makes no sense. Plaintiff does not allege that he is

---

[6] Furthermore, Plaintiff makes general allegations about "oil-producing property," but does not even allege which of the 29 states contain oil-producing land. (*See, e.g.*, Compl. ¶ 5, 10, 60).

representing any party other than himself in its individual capacity.

### III.     CONCLUSION

For the foregoing reasons and for the reasons set forth in Defendants' opening brief, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

| **SULLIVAN & CROMWELL LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| By: /s/ Daryl A. Libow (*with permission*) | By: /s/ Steven A. Reed |
| Daryl A. Libow | Steven A. Reed |
| Amanda F. Davidoff | R. Brendan Fee |
| Brooke Mickelson | Dana E. Becker |
| | |
| 1700 New York Avenue, N.W., Suite 700 | 1701 Market Street |
| Washington, D.C. 20006 | Philadelphia, PA 19103-2921 |
| Telephone: (202) 956-7500 | Telephone: (215) 963-5603 |
| Facsimile: (202) 956-6973 | Facsimile: (215) 963-5001 |
| libowd@sullcrom.com | sreed@morganlewis.com |
| davidoffa@sullcrom.com | bfee@morganlewis.com |
| mickelsonb@sullcrom.com | dana.becker@morganlewis.com |
| | |
| *Attorneys for BP plc* | *Attorneys for Royal Dutch Shell, plc* |

| **VINSON & ELKINS LLP** | **CADWALADER, WICKERSHAM & TAFT** |
|---|---|
| By: /s/ Karl S. Stern (*with permission*) | By: /s/ Gregory A. Markel (*with permission*) |
| Karl S. Stern | Gregory A. Markel |
| Stacy Neal | |
| | One World Financial Center |
| 1001 Fannin Street, Suite 2500 | New York, New York 10281 |
| Houston, TX 77002-6760 | Telephone: (212) 504-6112 |
| Telephone: (713) 758-3828 | Facsimile: (212) 504-6666 |
| Facsimile: (713) 615-5603 | greg.markel@cwt.com |
| kstern@velaw.com | |
| sneal@velaw.com | Anthony M. Mansfield |
| | Brian D. Wallach |
| *Attorneys for Phibro Trading LLC* | 700 Sixth Street, N.W. |
| | Washington, DC 20001 |

                                        Telephone:  (202) 862-2321
                                        Facsimile:  (202) 862-2400
                                        anthony.mansfield@cwt.com
                                        brian.wallach@cwt.com

                                        *Attorneys for Morgan Stanley*

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **STROOCK & STROOCK & LAVAN** |
| By: /s/  William A. Burck (*with permission*)<br>   William A. Burck<br>   Stephen M. Hauss<br><br>   777 6th Street, N.W., 11th Floor<br>   Washington, D.C.  20001<br>   Telephone:  (202) 538-8000<br>   Facsimile:  (202) 538-8100<br>   williamburck@quinnemanuel.com<br>   stephenhauss@quinnemanuel.com<br><br>   *Attorneys for Trafigura AG* | By: /s/ Melvin A. Brosterman (*with permission*)<br>   Melvin A. Brosterman<br><br>   180 Maiden Lane<br>   New York, New York 10038<br>   Telephone:  (212) 806-5400<br>   Facsimile:  (212) 806-2632<br>   mbrosterman@stroock.com<br><br>   *Attorney for Hess Energy Trading Company, LLC* |

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: /s/  Robert W. Trenchard (*with permission*)
   Robert W. Trenchard
   Douglas F. Curtis

   7 World Trade Center
   250 Greenwich Street
   New York, NY  10007
   Telephone:  (212) 230-8802
   Facsimile:  (212) 230-8800
   robert.trenchard@wilmerhale.com
   douglas.curtis@wilmerhale.com

Leon B. Greenfield
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone: (202) 663-6972
Facsimile:  (202) 663-6363
leon.greenfield@wilmerhale.com

*Attorneys for Statoil ASA and Statoil US Holdings Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2014, I filed the foregoing Reply in Support of Defendants' Joint Motion to Dismiss Plaintiff's Amended Class Action Complaint via the Court's CM/ECF system, which shall transmit notice to all counsel of record.

/s/ R. Brendan Fee
R. Brendan Fee
