UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NORTH SEA BRENT CRUDE OIL FUTURES LITIGATION<br><br>This document applies to:<br><br>Case Nos. 13-cv-03473-ALC, 13-cv-03587-ALC, 13-cv-03944-ALC, 13-cv-04142-ALC, 13-cv-04553-ALC, 13-cv-04872-ALC, 13-cv-04938-ALC, 13-cv-05577-ALC, 13-cv-07089-ALC, 13-cv-08030-ALC, 13-cv-08151-ALC, 13-cv-08179-ALC, 13-cv-08240-ALC and 13-cv-08270-ALC. | 1:13-md-02475-ALC<br><br>2-26-15 |

**STIPULATION AND ~~PROPOSED~~ ORDER**

The Brent Derivative Trader Plaintiffs, Kevin McDonnell, Anthony Insigna, Robert Michiels, Neil Taylor, Xavier Laurens, Atlantic Trading USA, LLC, Port 22, LLC, Aaron Schindler, White Oak Fund LP and Prime International Trading, Ltd. ("Plaintiffs"), and Defendants Royal Dutch Shell Plc ("RDS"), Phibro Trading LLC ("Phibro Trading") and Morgan Stanley, a holding company, ("Morgan Stanley") (collectively, referred to herein as "Defendants"), by and through their respective undersigned counsel, subject to this Court's approval, agree and stipulate as follows:

WHEREAS, on April 28, 2014, and as corrected on July 3, 2014, Plaintiffs filed their Amended Consolidated Class Action Complaint (the "Complaint") against Defendants and other defendants in the above-captioned action [ECF No. 166];

WHEREAS, on July 28, 2014, Defendants filed their motions to dismiss ("Motions to Dismiss") all of the claims that Plaintiffs alleged against Defendants in the Complaint, arguing *inter alia* that Defendants were not the proper parties to the action [ECF Nos. 223, 225 and 232];

WHEREAS, on October 27, 2014, Plaintiffs filed their opposition to Defendants' Motions to Dismiss and contemporaneously submitted to this Court a pre-motion conference letter requesting permission to move for leave to amend the Complaint to substitute affiliates of Defendants for John Doe defendants 1-3 ("Plaintiffs' Pre-Motion Conference Request") [ECF 262];

WHEREAS, Defendants' filed their letters opposing Plaintiffs' Pre-Motion Conference Request for Leave [ECF Nos. 268, 269 and 270];

WHEREAS, this Court scheduled a conference on December 12, 2014 to hear the matters raised in Plaintiffs' Pre-Motion Conference Request [ECF No. 278];

WHEREAS, Plaintiffs and Defendants twice requested that the Court take the scheduled hearing off calendar to allow the parties additional time to reach a stipulation and agreement regarding the relief requested in Plaintiffs' Pre-Motion Conference Request, which the Court granted and continued the hearing initially until January 16, 2015, and then again to February 9, 2015 [ECF No. 295, 300];

WHEREAS, Defendant RDS has expressly represented that RDS has never traded Brent Crude Oil or submitted related trades to Platts MOC and did not engage in any of the challenged conduct alleged in the Complaint;

WHEREAS, Shell UK Limited ("SUKL") has expressly represented that it did not engage in any of the challenged conduct alleged in the Complaint, and that Shell Trading and Shipping Company Limited ("STASCO") is the Shell entity that carried out any trades of Brent Crude Oil as to which SUKL had an ownership interest during the relevant time period;

WHEREAS, Defendant Morgan Stanley has expressly represented that it did not act as a counterparty to any of the specific trades identified in the Complaint as involving Morgan

Stanley and that Morgan Stanley Capital Group Inc. ("MSCGI") was a counterparty to the specific trades of Brent Crude Oil referred to in the Complaint as involving Morgan Stanley;

WHEREAS, both Morgan Stanley and MSCGI deny the allegations of misconduct directed to Morgan Stanley in the existing Complaint;

WHEREAS, Defendant Phibro Trading has expressly represented that Phibro Commodities Ltd. ("Phibro Commodities") notified Platts on or around July 1, 2010 that Phibro Commodities would appear in the Platts market on close assessment processes [ECF No. 226-1];

WHEREAS, Plaintiffs maintain that Phibro Trading continued to participate in Brent crude oil physical and futures trading after July 1, 2010;

WHEREAS, Plaintiffs have investigated and are informed and believe that Phibro Commodities, MSCGI and STASCO are entities that were involved directly in the conduct alleged in the existing Complaint. Hereinafter Phibro Commodities, MSCGI and STASCO are referred to as "New Defendants", and the Defendants and the New Defendants are collectively referred to as "Stipulating Defendants"; and

WHEREAS, Plaintiffs' investigation is ongoing, and Plaintiffs reserve their rights to seek leave to name other parties affiliated with the Defendants if they discover that those affiliates were involved in the conduct alleged in the existing Complaint.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for Plaintiffs and Stipulating Defendants, and it is ORDERED by the Court that:

1.     STASCO shall be, and hereby is, added as a New Defendant in place and instead of RDS;

2.      MSCGI shall be, and hereby is, added as a New Defendant in place and instead of Morgan Stanley;

3.      Phibro Commodities shall be, and hereby is, added as a New Defendant in place and instead of John Doe 1;

4.      The parties to this stipulation agree that any future amendment permitted by the Court allowing Plaintiffs to rename RDS or Morgan Stanley as defendants in this action or to add SUKL as a defendant in this action shall relate back under Fed. R. Civ. P. 15(c) if Plaintiffs can demonstrate that which has been expressly represented by RDS, SUKL or Morgan Stanley in the above recitals is materially incorrect;

5.      All claims that Plaintiffs asserted in this action against RDS and Morgan Stanley shall be and hereby are dismissed without prejudice, subject to the terms of this Order;

6.      The Complaint [ECF No. 166] shall be, and hereby is, amended to read as stated on Exhibit 1-A to ECF No. 303 in *In re: North Sea Brent Crude Oil, 13-md-2475*. Except as set forth specifically in this Stipulation and Exhibit 1-A, the allegations of the Complaint will remain unchanged;

7.      Each of STASCO, MSCGI and Phibro Commodities is deemed to have asserted all of the defenses asserted, and to have joined in all of the Motions to Dismiss the Complaint in this action, filed or joined in by RDS, Morgan Stanley and Phibro Trading, and in that regard, each of the memoranda of law and supporting documents and declarations filed on behalf of RDS, Morgan Stanley and Phibro Trading on or about July 28, 2014 and reply briefs filed on November 26, 2014 in support of their motions to dismiss are deemed to have also been filed in support of motions to dismiss STASCO, MSCGI and Phibro Commodities. Additionally, each of STASCO, MSCGI and Phibro Commodities is deemed to be subject to the Opposition memoranda that Plaintiffs filed on October 27, 2014;

4

8. Without limitation, Phibro Commodities is deemed to have moved timely to dismiss the claims in the Complaint, including but not limited to, for lack of personal jurisdiction over it. Phibro Commodities may submit a supplemental brief and supporting material within 30 days of the date this stipulation is approved by the Court, related to any purported lack of personal jurisdiction not to exceed 10 pages, and Plaintiffs' opposition of equal length will be due within 14 days after Phibro Commodities files its jurisdictional challenges. Phibro Commodities may file a reply not to exceed 5 pages within 7 days of the filing of Plaintiffs' opposition to its jurisdictional challenge;

9. Without limitation, STASCO is deemed to have moved timely to dismiss the claims in the Complaint, including but not limited to, for lack of personal jurisdiction over it. STASCO and Shell Trading US Company ("STUSCO") may jointly submit a supplemental brief and supporting material within 30 days of the date this stipulation is approved by the Court, related to any purported lack of personal jurisdiction and/or failure to state a claim against those entities not to exceed 15 pages (to replace the moving brief that was filed on behalf of RDS and STUSCO), and Plaintiffs' opposition of equal length will be due within 14 days after STASCO and STUSCO file their joint supplemental brief. STASCO and STUSCO may jointly file a reply not to exceed 8 pages within 7 days of the filing of Plaintiffs' opposition brief;

10. Without limitation, MSCGI is deemed to have moved timely to dismiss the claims in the Complaint. Plaintiff and MSCGI shall submit to the Court, within 18 days of the date this stipulation is approved by the Court, revised briefs (opening, opposition and reply) reflecting the substitution of MSCGI for Morgan Stanley as the moving party, dropping one argument and possibly making some necessary nonsubstantive language changes;

11. Nothing in this Stipulation and Order shall be construed to revive any claims that were barred by any applicable statute of limitations as to any Stipulating Defendant as of the date such Stipulating Defendant was first named as a defendant in this Multi-District Litigation, or to affect any Stipulating Defendants' defenses based on applicable statutes of limitations. Except as expressly provided herein, nothing in this Order shall be construed as waiving or limiting any rights, claims or defenses of any party or non-party, including without limitation, SUKL's right and ability to challenge the Court's exercise of personal jurisdiction if it is added to this action as a defendant at a later date; and

12. This Stipulation may be executed in separate counterparts, and counterparts may be executed by e-mail or facsimile, each of which shall be an original.

Dated: February 5, 2015

**KIRBY McINERNEY LLP**

By: _____
David E. Kovel
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
dkovel@kmllp.com

*Interim Lead Counsel for the Brent Derivative Trader Plaintiffs*

**MORGAN, LEWIS & BOCKIUS LLP**

By: _____
Steven A. Reed
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
sreed@morganlewis.com

*Counsel for Royal Dutch Shell, plc, Shell Trading (US) Company, Shell Trading and Shipping Company Limited and Shell UK Limited*

QUINN EMANUAL URQUHART &
SULLIVAN LLP

By: /s/ Karl Stern /MEK
Karl S. Stern
1001 Fannin Street, Suite 1950
Houston, Texas 77002-6715
Telephone: (713) 224-4400
Facsimile: (713) 224-5153
karlstern@quinnemanuel.com

*Counsel for Phibro Trading LLC and Phibro Commodities LLP*

CADWALADER, WICKERSHAM &
TAFT LLP

By: /s/ Gregory A. Markel
Gregory A. Markel
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Greg.Markel@cwt.com

*Counsel for Morgan Stanley and Morgan Stanley Commodities Group Inc.*

SO ORDERED this 26 day of February, 2015

/s/ Andrew L. Carter, Jr.
Hon. Andrew L. Carter, Jr.
United States District Judge

The changes described herein should be reflected in the consolidated case In re: North Sea Brent Crude Oil Futures Litigation, 1:13-md-02475-ALC, and the following related cases:

Prime International Trading, Ltd. v. BP Plc et al., 1:13-cv-03473-ALC;

White Oaks Fund LP v. BP PLC et al., 1:13-cv-04553-ALC;

Port 22,LLC et al v. BP p.l.c., et al., 1:13-cv-04938-ALC;

Taylor v. Royal Deutch Shell PLC et al., 1:13-cv-08179-ALC; and

Schindler v. Royal Dutch Shell PLC et al., 1:13-cv-08240-ALC.