UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NORTH SEA BRENT CRUDE OIL FUTURES LITIGATION<br><br>This document applies to:<br><br>Case Nos. 13-cv-03473-ALC, 13-cv-03587-ALC, 13-cv-03944-ALC, 13-cv-04142-ALC, 13-cv-04553-ALC, 13-cv-04872-ALC, 13-cv-04938-ALC, 13-cv-05577-ALC, 13-cv-07089-ALC, 13-cv-08030-ALC, 13-cv-08151-ALC, 13-cv-08179-ALC, 13-cv-08240-ALC and 13-cv-08270-ALC. | 1:13-md-02475-ALC |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PHIBRO TRADING LLC'S AND PHIBRO COMMODITIES LTD'S AMENDED MOTION TO DISMISS THE SECOND AMENDED <u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

## PRELIMINARY STATEMENT

This brief is submitted by the Brent Derivative Trader Plaintiffs in response to Defendants Phibro Trading LLC's and Phibro Commodities Ltd.'s Amended Supplemental Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (ECF No. 334) ("Phibro Supp. Br.").

Defendants Phibro Trading LLC ("Phibro Trading")[1] and Phibro Commodities Ltd. ("Phibro Commodities") challenge the Complaint by arguing that Plaintiffs' allegations amount to ordinary market activity. Phibro Trading's and Phibro Commodities' arguments fail to raise any innocent explanation for their Brent Crude oil trades that outweighs the competing inferences of manipulation raised by the particular timing and substance of those trades. As such, Plaintiffs adequately allege violations of antitrust law and the CEA against Phibro Trading and Phibro Commodities, which sometimes are referred to herein together as "Phibro".

## ARGUMENT

**A. Phibro Intentionally Influenced Market Prices Through Trades During the MOC Window in Tandem with Other Defendants**

Plaintiffs provide a detailed example of how Phibro Commodities manipulated the Platts Dated Brent Assessment in September 2012. During this month, Phibro Commodities participated in a pattern of trades that make little economic sense in the absence of manipulative intent. As alleged in the Complaint, Phibro Commodities, together with Shell, Vitol, and

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meaning as ascribed in the Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Consolidated Class Action Complaint ("Plaintiffs' Omnibus Brief" or "Pls. Om. Br."). "Complaint" refers to the February 27, 2015, Second Amended Consolidated Class Action Complaint. [ECF No. 308]. All citations to the Complaint are denoted as "¶_." Plaintiffs' Omnibus Brief [ECF No. 253], which contains arguments in support of their antitrust and CEA claims was filed in opposition to Defendants' Brief [ECF No. 211]. "Kovel Decl." refers to the Declaration of David E. Kovel in Support of Plaintiffs' Omnibus Brief. [ECF No. 257]. Plaintiffs' Omnibus Brief and the Kovel Decl. are filed in opposition to Defendants' Brief [ECF No. 211].

Trafigura, suppressed the Dated Brent market through a combination of spoofing, wash trades and other artificial transactions in the MOC process. *See* ¶369.

Plaintiffs provide specific details regarding Phibro Commodities' involvement in the scheme. For example, on September 17, 2012, BP sold an October 3-5 cargo to Phibro Commodities, which initiated a downward manipulation of Dated Brent. ¶¶395-96. The following day, September 18, 2012, Phibro Commodities offered the same cargo during the MOC Window at minus $0.25 below North Sea Dated Strip, which amounted to a full $0.30 below its purported purchase price 24-hours earlier. *See* ¶397.[2] Even still, Phibro Commodities could not secure any bids. *Id*. In making this uneconomic offer during the MOC window, Phibro Commodities effectively signaled to other market participants that the market was heading lower. *Id.*

Phibro attempts to ascribe innocent intent to this MOC activity by suggesting that it previously offered the cargo at higher prices but failed to attract interest. *See* Phibro Supp. Br. at 5-7.[3] Phibro's competing factual narrative, however, is neither appropriate at this stage of the litigation[4] nor fulsome enough to explain away the attempted trade's attendant circumstances.

---

[2] Note that these numbers are differentials to a flat price, not flat prices, so the movements are quite large in absolute terms. *See, e.g.*, ¶62.

[3] In so doing, Phibro relies upon an anecdote from ICIS World Report dated September 18, 2012. The truth of the matters asserted in a subscription based publication of limited distribution, which is not mentioned in the Complaint, is not the appropriate subject of judicial notice nor can such a publication be readily analogized to widely distributed newspapers or stock market information. *See also O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, No. 06-cv-6278, 2006 WL 3771013, at *2 (S.D.N.Y. Dec. 18, 2006) (declining to judicially notice publication for the truth of the matter asserted therein or using publication's contents to draw factual inferences); *Alimena v. Vericrest Fin., Inc.*, 964 F. Supp. 2d 1200, 1211 (E.D. Cal. 2013) (declining to take judicial notice of one private entity's description of another private entity).

[4] *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5470 (ALC), 2013 WL 9815198, at *15 (S.D.N.Y. Dec. 20, 2013) ("The Court is required to accept Plaintiffs' well-pled allegations as true, regardless of whether Defendants present an equally plausible scenario. The Court's role on a Rule 12(b)(6) motion is to determine whether Plaintiffs can state a claim – not whether Plaintiffs can provide the most convincing of two competing explanations.")

That a trading house like Phibro would buy a cargo due to go wet within two weeks only to attempt to sell it at a substantially lower price the following day defies economic logic, unless designed to benefit its other trading books. Moreover, the illiquid and public MOC Window is hardly the appropriate place to "puke" a trade if maximizing recovery on a losing position is the primary goal. As such, the fact that Phibro Commodities offered the cargo during the 30 minute MOC Window is highly indicative of Phibro's intent to signal market direction to other participants and to suppress the Platts Dated Brent assessment on that day.

**B.     Plaintiffs Can Allege Actual Damages**

Plaintiffs need not establish actual damages under Section 25 of the CEA at the motion to dismiss stage of the litigation. *See* Pls. Om. Br. at Section II.E. Insofar as the Court requires Plaintiffs to allege actual damages, Plaintiffs can do so with respect to Phibro. On September 17, 2012, Plaintiffs allege that the Platts Dated Brent assessment was artificially inflated; Plaintiffs Atlantic Trading, Michiels and Prime International were net purchasers on that date. Likewise on, September 18, 2012, Plaintiffs allege that the Platts Dated Brent assessment was artificially suppressed; Plaintiffs Atlantic Trading, Michiels and Prime International were net sellers on that date. *See* Kovel Decl. at ¶5.

**C.     Phibro Trading LLC was Correctly Named as Defendant**

Phibro has also suggested that Plaintiffs incorrectly named Phibro Trading as a defendant in the current action, Phibro. Supp. Br. at 10-11, but a review of publicly available material suggests otherwise. According to the company's website, Phibro trades crude oil futures and other derivatives on NYMEX and ICE, the Dubai Mercantile Exchange (DME) and other exchanges, as well as in the over-the-counter physical, swaps and options markets. *See* ¶468. Additionally, the entity that Phibro suggests engaged in the alleged manipulative trades, Phibro Commodities, is a wholly-owned U.K subsidiary of Phibro Trading, and was not even

3

incorporated until 2010. *See, e.g.,* Decl. of Karl Stern, [ECF No. 226-1], Exhibit A at 2. Other publicly available information suggests that Phibro employees describe themselves as employees of Phibro Trading LLC. Kovel Decl. ¶18. At a minimum, such facts suggest that the lines between Phibro Trading and Phibro Commodities are blurred. Regardless, the parent-subsidiary relationship is an issue that need not be resolved on a motion to dismiss prior to discovery.[5]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Defendant Phibro Trading LLC's and Phibro Commodities Ltd.'s Motion to Dismiss the Second Amended Consolidated Class Action Complaint be denied.

---

[5] *See In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 213 (S.D.N.Y. 2003) ("Since all of the arguably misnamed defendants are affiliates of properly-named [defendants] . . . the effort to sort out the proper defendants at this stage . . . seems inefficient. The motion to dismiss these defendants is therefore denied, without prejudice to later renewal . . ."); *Zito v. Leasecomm Corp.*, No. 02-cv-8074, 2004 WL 2211650, at *15 (S.D.N.Y. Sept. 30, 2004) ("precise relationship" of parent and subsidiary need not be resolved prior to discovery); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00-cv-4763, 2002 WL 91625, at *12 (S.D.N.Y. Jan. 23, 2002) (question of which of two affiliated companies was the proper party was not resolvable on a motion to dismiss prior to discovery).

DATED: March 31, 2014

**KIRBY McINERNEY LLP**

 /s/ David E. Kovel
David E. Kovel
Lauren Wagner Pederson, Of Counsel
Andrew M. McNeela
Thomas W. Elrod
dkovel@kmllp.com
lpederson@kmllp.com
amcneela@kmllp.com
telrod@kmllp.com
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Interim Lead Counsel for the Brent Derivative Trader Plaintiffs and Proposed Class*

| | |
|---|---|
| **BERGER & MONTAGUE, P.C** | **MOTLEY RICE LLC** |
| Merrill G Davidoff | Michael M. Buchman |
| Michael Dell'Angelo | John Andrew Ioannou |
| Candice J. Enders | David P. Abel |
| mdavidoff@bm.net | jioannou@motleyrice.com |
| mdellangelo@bm.net | mbuchman@motleyrice.com |
| cenders@bm.net | dabel@motleyrice.com |
| 1622 Locust Street | 600 Third Avenue, 21st Floor |
| Philadelphia , PA 19103 | New York, NY 10016 |
| Telephone: (215) 875-3084 | Telephone: (212) 577-0051 |
| Facsimile: (215) 875-4604 | Facsimile: (212) 577-0054 |
| | |
| **GLANCY BINKOW & GOLDBERG LLP** | **LOWEY DANNENBERG COHEN &HART** |
| Brian Philip Murray | Vincent Briganti |
| Lee Albert | Geoffrey M. Horn |
| Lionel Z. Glancy | vbriganti@lowey.com |
| bmurray@glancylaw.com | ghorn@lowey.com |
| lalbert@glancylaw.com | One North Broadway |
| lglancy@glancylaw.com | White Plains, NY 10601 |
| 122 East 42nd Street, Suite 2920 | Telephone: (914) 997-0500 |
| New York, NY 10168 | Facsimile: (914) 997-0035 |
| Telephone: (212) 682-5340 | |
| Facsimile: (212) 884-0988 | |

| | |
|---|---|
| **LIEFF, CABRASER, HEIMANN & BERNSTEIN,LLP**<br>Steven E. Fineman<br>Douglas Ian Cuthbertson<br>sfineman@lchb.com<br>dcuthbertson@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Telephone: (212) 355-9500<br><br>Eric B. Fastiff<br>Brendan P. Glackin<br>efastiff@lchb.com<br>bglackin@lchb.com<br>275 Battery Street 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000 | **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**<br>Bryan L. Clobes<br>bclobes@caffertyclobes.com<br>1101 Market Street, Suite 2650<br>Philadelphia, PA 19107<br>Telephone: (215) 864-2800<br>Facsimile: (215) 864-2810<br><br>Anthony F. Fata<br>Daniel O. Herrera<br>afata@caffertyclobes.com<br>dherrera@caffertyclobes.com<br>30 N. LaSalle, Suite 3200<br>Chicago, Illinois 60602<br>Telephone: (312) 782-4880<br>Facsimile: (312) 782-4485 |

*Additional Counsel for Plaintiffs and Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF system on March 31, 2014.

                                                   */s/ David E. Kovel*
                                                   David E. Kovel