# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
  Roger W. Kirby
  Alice McInerney

April 13, 2015

**VIA EMAIL and ECF**
The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Re:   *In re: North Sea Brent Crude Oil Futures Litig.*, 13-md-02475-ALC

Dear Judge Carter:

We represent the Brent Derivative Trader Plaintiffs ("Plaintiffs") in the above-referenced action and write respectfully in accordance with Rule 2.A. of Your Honor's Individual Practices to request a pre-motion conference regarding jurisdictional discovery against defendant Shell International Trading and Shipping Company Limited ("STASCO"). On April 7, 2015, STASCO filed a motion to dismiss for purported lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). [ECF No. 343]. In support of its motion, STASCO filed a memorandum of law and declaration of its executive, Armand Lumens. [ECF Nos. 344, 345]. STASCO heavily relies upon Mr. Lumens' declaration in its jurisdictional challenges, and STASCO has declined Plaintiffs' request to depose Mr. Lumens. Plaintiffs seek to depose Mr. Lumens because his declaration contradicts public data and Plaintiffs' allegations about STASCO's role as a substantial participant in the United States derivatives markets and as an importer of Brent Crude Oil into the United States.

I.   <u>Plaintiffs Have Established A Prima Facie Case of Jurisdiction Over STASCO</u>

Where, as here, a complaint invokes federal question jurisdiction under a federal statute that provides for nationwide service in the United States, such as the Commodity Exchange Act, 7 U.S.C. § 25(c), courts will examine a defendant's contacts throughout the United States as a whole to determine whether the exercise of personal jurisdiction is appropriate, limiting the analysis only by the "minimum contacts" due process requirements of the Fifth Amendment. *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC)(KNF), 2013 WL 9815198, at *28-29 (S.D.N.Y. Dec. 20, 2013) (citation omitted). The following factors satisfy the standard for minimum contacts by a foreign corporation: "(1) transacting business in the United States, (2) doing an act in the United States, or (3) having an effect in the United States by an act done elsewhere." *Id.* at *29 (citation omitted).

Jurisdictional discovery is appropriate where, as here, plaintiffs have made a "sufficient start" toward demonstrating minimum contacts that make jurisdiction appropriate. *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547 (S.D.N.Y. 1994) (the court may order

Hon. Andrew L. Carter, Jr.
April 13, 2015
Page 2

discovery when plaintiffs "have made a sufficient start toward establishing personal jurisdiction."); *see also Tex. Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 Fed. Appx. 738, 739-40 (2d Cir. 2002) (remanding to provide plaintiff the opportunity to develop facts through jurisdictional discovery to determine whether assertion of jurisdiction was appropriate); *Int'l Diamond Imp., Inc. v. Oriental Gemco (N.Y.), Inc.*, No. 14 Civ. 3506 (SAS), 2014 WL 6682622, at *11-12 (S.D.N.Y. Nov. 24, 2014) (granting jurisdictional discovery to resolve questions as to the true nature of the relationship between domestic affiliate and foreign defendants).

In their Complaint [ECF No. 308], Plaintiffs have "plead[ed] in good faith legally sufficient allegations of jurisdiction." *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 526 (S.D.N.Y. 2008) (citation omitted). For example, Plaintiffs allege that STASCO and its U.S.-based affiliate Shell Trading (US) Company ("STUSCO"), and their crude oil trader employees *collectively* engaged in broad-based strategic decisions and trading regarding STASCO's and its global affiliates' futures, physical and derivative exposure and positions, including Brent Crude Oil futures and other derivatives in the United States. Compl. ¶ 457(f) (CFTC finding that STASCO and STUSCO traders engaged in non-competitive pre-arranged crude oil futures transactions on NYMEX ); ¶¶ 471-73 (traders working on behalf of STASCO and STUSCO have significant exposure to Brent Crude Oil and crude oil benchmarked to Brent and participate in trading decisions on behalf of STASCO, STUSCO and other global affiliates of RDS). In addition, Plaintiffs allege that STASCO operates in the U.S., including in Houston, Texas, and imports Brent Crude Oil into the U.S., as reflected in data compiled from U.S. Customs Bulk Commodity bills of lading. *Id.* ¶ 35.

Plaintiffs also allege that STASCO and other defendants, including defendants located in in the U.S. and specifically in this District, combined and agreed to fix and restrain trade in the Brent Crude Oil market, and intentionally manipulated Brent Crude Oil prices and the prices of related futures and derivative contracts traded and matched in the U.S. on the New York Mercantile Exchange ("NYMEX") and the Intercontinental Exchange ("ICE"). *Id.* ¶¶ 1-2, 11, 142, 248-54, 269-77, 281-84, 306-16, 319-65, 369-77, 384-410, 439. Plaintiffs further allege that STASCO's and other defendants' manipulation and restraint of trade directly and foreseeably caused distorted and artificial prices for Brent futures and other derivative contracts in violation of U.S. antitrust laws and the CEA. *Id.* ¶¶ 127-36, 175-211, 420-28, 453, 541-44, 570, 575, 583. Finally, Plaintiffs allege that Defendants (including STASCO) knew and intended that their alleged manipulation of Brent Crude Oil prices would have direct, foreseeable effects in the U.S., including substantial effects on large quantities of crude oil imported into the U.S. and priced as a differential to the Brent Crude Oil benchmark. *Id.* ¶¶ 80-81, 489, 491-95, 532, 564-67, 573.

II.    <u>STASCO Has Not Established Clear Facts to Dispute Personal Jurisdiction</u>

STASCO attempts to refute Plaintiffs' allegations by declaring – through Mr. Lumens – that STASCO does not import crude oil into or transact business or employ traders in the United States. Lumens Decl. ¶¶ 5, 7. In vague statements, however, Mr. Lumens admits that STASCO engages in shipping and trading activities for "various affiliates and subsidiaries" of Royal Dutch Shell plc ("RDS") and engages in crude oil and other energy commodities trading activities as an "agent" for "certain affiliates and subsidiaries of RDS." *Id.* ¶ 4. Importantly, the declaration *does not* say that none of these crude oil commodities trades and shipments is on behalf of RDS

affiliates and subsidiaries in the United States. Questions also remain as to the true nature of the agency relationship between STASCO and its U.S. affiliates. Moreover, Mr. Lumens does not rely upon or even refer to data compiled from U.S. Customs Bulk Commodity bills of lading, which Plaintiffs expressly allege show that STASCO ships and imports Brent Crude Oil into the U.S. *See* Compl. ¶ 35. The U.S. Customs data, which is available on *Bloomberg*, reflect that cargoes of Brent Crude Oil for which STASCO was part of the import chain of transactions (as "shipper" or "consignee") were transported by STASCO into U.S. ports of unlading, contrary to Mr. Lumens' declaration.

Mr. Lumens makes representations in the declaration regarding STASCO's corporate structure and business based upon his own familiarity with these matters, and he expressly bases other statements upon his review of unspecified "corporate" books and records. Lumens Decl. ¶ 1. It is not clear from his declaration which of his statements are based on any personal knowledge, and which of the Shell affiliates' corporate books he has reviewed. Mr. Lumens indicates that STASCO employs no officers in the U.S. and that its executives are located in England. Again this information conflicts with information in a press report released by Shell Oil Company, stating that an executive named Ron Andrews is the President of STUSCO and a Vice President of STASCO, Operations, and that he is "responsible for Shell's oil trading business in the U.S., as well as a majority of Shell's worldwide trading operations in both oil and gas."[1]

It is well settled that this Court has discretion to order jurisdictional discovery when a "plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003)). Deposing Mr. Lumens (and access to the documents on which Mr. Lumens based his declaration) will allow Plaintiffs to develop the factual record of STASCO's business transactions, acts and effects in the United States "to permit judgment as to whether personal jurisdiction is appropriate." *Int'l Magnetics,* 31 F. App'x. at 739. *See also Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 625 (S.D.N.Y. 2012) (allowing jurisdictional discovery when the question whether a relationship supported jurisdiction was "not determinable on the current record."). Indeed, exercise of this Court's discretion is appropriate to resolve disputed material facts bearing on jurisdiction over STASCO.

Plaintiffs are scheduled to depose Phibro Commodities LLC's declarant in London on April 29, 2015, in this same action. In the event that Plaintiffs are allowed to depose Mr. Lumens, Plaintiffs will seek to coordinate travel to London, if necessary, to depose Mr. Lumens. Therefore, Plaintiffs respectfully request that Your Honor schedule a pre-motion conference in this matter as soon as is reasonably practicable.

Respectfully submitted,

 */s/ David E. Kovel*
David E. Kovel
KIRBY McINERNEY LLP

---

[1] *See* http://www.bloomberg.com/apps/news?pid=conewsstory&refer=conews&tkr=RDSA:NA&sid=aG2w5GborW8Q.

Hon. Andrew L. Carter, Jr.
April 13, 2015
Page 4

    825 Third Avenue, 16th Floor
    New York, NY 10022
    Tel:  212-371-6600
    Fax:  212-751-2540
    dkovel@kmllp.com

*Interim Lead Counsel for the Brent Derivative Trader Plaintiffs and the Proposed Class*

cc:    All Counsel of Record (by email)