Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel. +1.215.963.5000
Fax: +1.215.963.5001
www.morganlewis.com

# Morgan Lewis

**Steven A. Reed**
Partner
+1.215.963.5603
sreed@morganlewis.com

April 16, 2015

**VIA ECF & ELECTRONIC MAIL**

Honorable Andrew L. Carter, Jr.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, NY 10007
Email: ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *In re North Sea Brent Crude Oil Futures Litig.*, No. 1:13-MD-02475 (ALC)

Dear Judge Carter:

This letter is submitted on behalf of Shell International Trading and Shipping Company Limited ("STASCO") in response to the April 13, 2015 letter submitted by the Brent Trader Plaintiffs ("Plaintiffs") requesting a pre-motion conference to address their request to take jurisdictional discovery of STASCO notwithstanding the Court's order staying discovery in this case.

On April 6, 2015, STASCO filed a motion to dismiss based on, among other things, lack of personal jurisdiction. That motion was supported by the declaration of Armand Lumens, STASCO's Executive V.P. of Finance Trading & Supply. *See* Dkt. No. 345. For the reasons set forth in the motion, Plaintiffs have not pled a *prima facie* basis for personal jurisdiction over STASCO. As this Court held just last year, "[w]here a plaintiff has failed to state a *prima facie* case for personal jurisdiction . . . it is not entitled to jurisdictional discovery." *Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409, 421 (S.D.N.Y. 2014) (Carter, J.) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)). Thus, there is no reason for the Court to revisit its order staying discovery in this case (Dkt. No. 72) to permit Plaintiffs to go on a fishing expedition. Plaintiffs' request also should be denied because the purported facts they seek to establish through discovery would not be sufficient to establish jurisdiction over STASCO in any event. For each of these reasons, the motion Plaintiffs seek leave to file would be futile.

First, Plaintiffs have failed to plead facts that, if proven, would demonstrate that STASCO, a U.K. corporation with its principal place of business in London, has U.S. contacts that are "so constant and pervasive 'as to render it essentially at home[']" in the U.S.—a prerequisite for the exercise of general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. ----, 134 S. Ct. 746, 751

**Morgan Lewis**

Honorable Andrew L. Carter, Jr.
April 16, 2015
Page 2

(2014). Plaintiffs rely on allegations pertaining to defendant STUSCO as a basis for the exercise of jurisdiction over STASCO; however, the contacts of a wholly distinct corporate entity cannot be imputed to STASCO for purposes of establishing jurisdiction. Indeed, the Supreme Court in *Daimler* made clear that a foreign corporation may not be subject to general jurisdiction on the basis of the contacts of an affiliated U.S. corporation unless the foreign corporation itself is "at home" in the jurisdiction. *Id.* at 759. In their letter, Plaintiffs also recite allegations regarding STASCO's purported operation in the U.S. and alleged importation of Brent crude oil into the U.S. But, even if those allegations were true (which they are not), such contacts would fall far short of the "constant and pervasive" contacts required for general jurisdiction.

Second, none of the alleged facts which Plaintiffs contend create jurisdiction over STASCO are tied to the challenged conduct in the Complaint and, therefore, Plaintiffs have failed to state a basis for the exercise of specific jurisdiction. In particular, STASCO's alleged U.S. contacts—U.S. operations and importation of Brent crude oil—are entirely unrelated to the claims at issue, which involve alleged misconduct in Europe. Likewise, Plaintiffs' contention that U.S. residents suffered harm is not a basis for specific jurisdiction. *See Walden v. Fiore*, 571 U.S. ----, 134 S.Ct. 1115, 1125 (2014) ("[M]ere injury to a forum resident is not a sufficient connection . . .").[1]

Because Plaintiffs have offered nothing more than generalized assertions regarding jurisdiction, they have failed to meet their burden. *See Scottevest, Inc. v. AyeGear Glasgow, Ltd.*, No. 12 Civ. 851 (KPC), 2012 WL 1372166, at *2 (S.D.N.Y. Apr. 17, 2012) ("[G]eneralized assertion[s] . . . unsupported by evidentiary submissions or factual allegations" are insufficient); *see also Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014) (absent *prima facie* showing of personal jurisdiction, court "d[oes] not err" in denying jurisdictional discovery "to allow [plaintiffs] to fish for . . . jurisdiction"); *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) ("District courts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of jurisdiction."); *Norvel Ltd. v. Ulstein Propeller AS*, 161 F. Supp. 2d 190, 208 (S.D.N.Y. 2001) ("In the absence of any *prima facie* showing of personal jurisdiction . . . it would be inappropriate to subject defendants to the burden and expense of . . . a fishing expedition.").[2]

---

[1] Plaintiffs' conclusory claims of STASCO's purported involvement in "manipulative" or "collusive" behavior outside of the U.S. with other defendants that have U.S. contacts are likewise insufficient to demonstrate that STASCO actually participated in a conspiracy to manipulate prices and thus cannot be a basis for personal jurisdiction in this Court. *See In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481, 2015 WL 892255, at *9-10 (S.D.N.Y. Mar. 3, 2015) (foreign entity not subject to personal jurisdiction where inadequate allegations regarding foreign entity's participation in conspiracy).

[2] Plaintiffs can hardly claim to be surprised by the need to allege a *prima facie* basis for jurisdiction. Earlier in this case they sought to take discovery of Royal Dutch Shell ("RDS"), which was previously named as a defendant and also moved to dismiss on jurisdictional grounds. In response, RDS cited this Court's decision in *Rates* and the other

**Morgan Lewis**

Honorable Andrew L. Carter, Jr.
April 16, 2015
Page 3

Ignoring this Court's holding in *Rates*, Plaintiffs contend they are entitled to discovery because they have made a "sufficient start" towards establishing jurisdiction. But, even under Plaintiffs' alternative standard (which they apparently believe is less exacting than that which the Court applied in *Rates*), Plaintiffs must first demonstrate that there is a "genuine issue of jurisdictional fact" which if true would be "sufficient to sustain jurisdiction." *Daventree Ltd. v. Oily Rock Grp.*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004). Yet, Plaintiffs have failed to do so here. The only facts established by the Lumens Declaration that Plaintiffs appear to contest are (1) that STASCO does not import Brent cargoes into the U.S. and (2) that STASCO does not have any officers in the U.S. First, Plaintiffs ignore the fact that their conclusory assertion that STASCO imports Brent crude oil into the U.S. is inconsistent with the chart in their complaint that identifies other Shell-affiliated entities—not STASCO—that were parties to those transactions. (Dkt. No. 308, ¶ 491). While STASCO may have held title to the oil outside of the U.S., such title passed before the oil entered the country – there were no U.S. contacts. (Dkt. No. 345, ¶¶ 5-12). And, there is nothing in Plaintiffs' complaint about a purported overlapping officer. Their citation in their letter to a hearsay press release from 2008 as to one such purported overlap is inapposite.

Moreover, these isolated facts (even if true) would not alter the jurisdictional analysis – they are neither substantial enough to establish general jurisdiction nor related to the particular conduct at issue to support specific jurisdiction. For this reason too, the Court should reject Plaintiffs' request for jurisdictional discovery. *See RMS Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009) (denying request for jurisdictional discovery where, as here, Plaintiffs made "no factual allegations which could be proven through additional discovery that would change the outcome of this issue"); *see also Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419 (GBD), 2015 WL 1515358, at *7 (S.D.N.Y. Mar. 31, 2015) (denying jurisdictional discovery where affidavit "supported conclusion Plaintiff would not find what he seeks through discovery"); *Rates*, 15 F. Supp. 3d at 421 (same).

For the foregoing reasons, STASCO respectfully requests that the Court deny Plaintiffs' request for a pre-motion conference regarding their request to take jurisdictional discovery of STASCO. Plaintiffs have not met their burden to justify the need for such discovery, and permitting motion practice on this issue would therefore be futile and result in a waste of time and resources.

---

cases in which courts have declined requests for jurisdictional discovery under similar circumstances. Plaintiffs subsequently dismissed their claims against RDS and, in the stipulation permitting them to substitute STASCO, they were put on notice that the Court also lacked personal jurisdiction over STASCO as well. Presumably, to the extent Plaintiffs believed they had a basis for jurisdiction, they sought to plead it in their Second Amended Complaint.

**Morgan Lewis**

Honorable Andrew L. Carter, Jr.
April 16, 2015
Page 4

Respectfully submitted,

*Steven A. Reed /des.*

Steven A. Reed

cc:     All counsel of record via ECF