**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: NORTH SEA BRENT CRUDE OIL
FUTURES LITIGATION

This document applies to:

Case No. 13-cv-07443

1:13-md-02475-ALC

4-29-15

**STIPULATION AND ▓▓▓▓▓▓ ORDER**

The Landowner Plaintiff, David Harter ("Plaintiff"), and Defendants Royal Dutch Shell
Plc ("RDS"), Phibro Trading LLC ("Phibro Trading") and Morgan Stanley, a holding
company, ("Morgan Stanley") (collectively, referred to herein as "Defendants"), by and
through their respective undersigned counsel, subject to this Court's approval, agree and
stipulate as follows:

WHEREAS, on May 27, 2013, Plaintiff filed a Complaint against certain of the
Defendants in the U.S. District Court for the Middle District of Louisiana;

WHEREAS, on August 20, 2013, Plaintiff filed an amended Complaint in the U.S.
District Court for the Middle District of Louisiana;

WHEREAS, on April 28, 2014, Plaintiff amended his complaint a second time, filing
an Amended Class Action Complaint (the "Coordinated Amended Complaint") against
Defendants and other defendants in the above-captioned action (the "Coordinated Action") [ECF
No.[1] 40];

WHEREAS, on July 28, 2014, Defendants filed their motions to dismiss ("Motions to
Dismiss") all of the claims that Plaintiff alleged against Defendants in the Coordinated

---

[1] Unless otherwise stated all "ECF No." citations refer to docket entries appearing on the docket of the
Coordinated Action.

Amended Complaint, arguing *inter alia* that Defendants were not the proper parties to the action;

WHEREAS, on October 27, 2014, Plaintiff filed his opposition to Defendants' Motions to Dismiss and, on November 26, 2014, Defendants replied;

WHEREAS, on October 27, 2014, counsel for the Brent Derivative Trader Plaintiffs in the Case No. 1:13-md-02475-ALC (the "Consolidated Action"), submitted to this Court a pre-motion conference letter requesting permission to move for leave to amend their complaint to substitute affiliates of Defendants for John Doe defendants 1-3 [Consolidated Action, ECF No. 262];

WHEREAS, on February 5, 2015, Defendants entered into a Stipulation with the Brent Derivative Trader Plaintiffs in the Consolidated Action allowing the substitution of (1) Shell Trading and Shipping Company Limited ("STASCO") for RDS, (2) Morgan Stanley Capital Group Inc. ("MSCGI") for Morgan Stanley, and (3) Phibro Commodities Ltd. ("Phibro Commodities") for John Doe I;

WHEREAS, on February 26, 2015, at a conference concerning the stipulation reached between Defendants and the Brent Derivative Trader Plaintiffs (the "February 26 Conference"), counsel for Plaintiff requested that Defendants enter a similar stipulation in the Coordinated Action;

WHEREAS, Defendants, having considered Plaintiff's request, are willing to agree to a similar stipulation in order to streamline the proceedings and avoid disrupting the briefing that has already occurred with respect to the Motions to Dismiss Plaintiff's Coordinated Amended Complaint;

WHEREAS, Defendant RDS has expressly represented that RDS has never traded Brent

Crude Oil or submitted related trades to Platts MOC and did not engage in any of the challenged conduct alleged in the Coordinated Amended Complaint;

WHEREAS, Shell UK Limited ("SUKL") has expressly represented that it did not engage in any of the challenged conduct alleged in the Coordinated Amended Complaint, and that STASCO is the Shell entity that carried out any trades of Brent Crude Oil as to which SUKL had an ownership interest during the relevant time period;

WHEREAS, Defendant Morgan Stanley has expressly represented that it did not act as a counterparty to the specific trade identified in the Coordinated Amended Complaint as involving Morgan Stanley and that MSCGI was a counterparty to the specific trade of Brent Crude Oil referred to in the Coordinated Amended Complaint as involving Morgan Stanley;

WHEREAS, both Morgan Stanley and MSCGI deny the allegations of misconduct directed to Morgan Stanley in the existing Coordinated Amended Complaint;

WHEREAS, Defendant Phibro Trading has expressly represented that Phibro Commodities notified Platts on or around July 1, 2010 that Phibro Commodities would appear in the Platts market on close assessment processes [Consolidated Action, ECF No. 226-1];

WHEREAS, Plaintiff maintains that Phibro Trading continued to participate in Brent crude oil physical and futures trading after July 1, 2010;

WHEREAS, Plaintiff has investigated and is informed and believes that Phibro Commodities, MSCGI and STASCO are entities that were involved directly in the conduct alleged in the existing Coordinated Amended Complaint.  Hereinafter Phibro Commodities, MSCGI and STASCO are referred to as "New Defendants", and the Defendants and the New Defendants are collectively referred to as "Stipulating Defendants"; and

WHEREAS, Plaintiff's investigation is ongoing, and Plaintiff reserves his right to seek

leave to name other parties affiliated with the Defendants if he discovers that those affiliates were involved in the conduct alleged in the existing Coordinated Amended Complaint.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for Plaintiff and Stipulating Defendants, and it is ORDERED by the Court that:

1.    STASCO shall be, and hereby is, added as a New Defendant in place and instead of RDS;

2.    MSCGI shall be, and hereby is, added as a New Defendant in place and instead of Morgan Stanley;

3.    Phibro Commodities shall be, and hereby is, added as a New Defendant in place and instead of John Doe 1;

4.    The parties to this stipulation agree that any future amendment permitted by the Court allowing Plaintiff to rename RDS or Morgan Stanley as defendants in this action or to add SUKL as a defendant in this action shall relate back under Fed. R. Civ. P. 15(c) if Plaintiff can demonstrate that which has been expressly represented by RDS, SUKL or Morgan Stanley, respectively, in the above recitals is materially incorrect as to such party;

5.    All claims that Plaintiff asserted in this action against RDS and Morgan Stanley shall be and hereby are dismissed without prejudice, subject to the terms of this Order;

6.    The Coordinated Amended Complaint [ECF No. 40] shall be, and hereby is, amended to read as stated in the Second Coordinated Amended Complaint attached as Exhibit A hereto, which Plaintiff will file on the docket upon entry of this Stipulation as an Order by the Court. Except as set forth specifically in this Stipulation and the Second Coordinated Amended Complaint attached as Exhibit A hereto, the allegations of the

4.

Coordinated Amended Complaint will remain unchanged. Consistent with the approach with respect to the Brent Derivative Trader Plaintiffs' Second Amended Consolidated Class Action Complaint discussed and approved by the Court at the February 26 Conference, the stand-alone Motions to Dismiss filed by defendants that are not parties to this Stipulation and related briefing as well as the joint Motions to Dismiss and related briefing shall not need to be changed and shall apply with equal force to the Second Coordinated Amended Complaint as if filed in response to it;

7.    Each of STASCO, MSCGI and Phibro Commodities is deemed to have asserted all of the defenses asserted, and to have joined in all of the Motions to Dismiss the Second Coordinated Amended Complaint in this action, filed or joined in by RDS, Morgan Stanley and Phibro Trading, and in that regard, each of the memoranda of law and supporting documents and declarations filed on behalf of RDS, Morgan Stanley and Phibro Trading on or about July 28, 2014 and reply briefs filed on November 26, 2014 in support of their motions to dismiss are deemed to have also been filed in support of motions to dismiss STASCO, MSCGI and Phibro Commodities. Additionally, each of STASCO, MSCGI and Phibro Commodities is deemed to be subject to the Opposition memoranda that Plaintiff filed on October 27, 2014;

8.    Without limitation, Phibro Commodities is deemed to have moved timely to dismiss the claims in the Second Coordinated Amended Complaint, including but not limited to, for lack of personal jurisdiction over it. Phibro Commodities may submit a supplemental brief and supporting material within 30 days of the date this stipulation is approved by the Court, related to any purported lack of personal jurisdiction not to exceed 10 pages, and Plaintiffs' opposition of equal length will be due within 14 days after Phibro Commodities

files its jurisdictional challenges. Phibro Commodities may file a reply not to exceed 5 pages within 7 days of the filing of Plaintiff's opposition to its jurisdictional challenge. Moreover, Plaintiff and Phibro Trading and Phibro Commodities shall submit to the Court, within 18 days of the date this stipulation is approved by the Court, revised briefs (opening, opposition and reply) reflecting the addition of Phibro Commodities as a defendant and moving party, dropping one argument and possibly making some necessary nonsubstantive language changes;

9.      Without limitation, STASCO is deemed to have moved timely to dismiss the claims in the Second Coordinated Amended Complaint, including but not limited to, for lack of personal jurisdiction over it. STASCO may submit a supplemental brief and supporting material within 30 days of the date this stipulation is approved by the Court, related to any purported lack of personal jurisdiction and/or failure to state a claim against it not to exceed 15 pages (which shall replace the moving brief that was filed on behalf of RDS [Consolidated Action, ECF No. 284]). Plaintiff's opposition, which shall not exceed 10 pages (which shall replace the 10 pages of Plaintiff's Opposition to Defendants' Motions to Dismiss [ECF No. 66], that addressed RDS specifically), will be due within 14 days after STASCO files its supplemental brief. STASCO may file a reply not to exceed 7 pages (which shall replace the portion of Defendants RDS and Shell Trading (US) Company's Reply Memorandum of Law in Support of Their Motion to Dismiss [Consolidated Action, ECF No. 284], that addressed Plaintiff's arguments) within 7 days of the filing of Plaintiff's opposition brief;

10.      Without limitation, MSCGI is deemed to have moved timely to dismiss the claims in the Second Coordinated Amended Complaint. Plaintiff and MSCGI shall submit

to the Court, within 18 days of the date this stipulation is approved by the Court, revised briefs (opening, opposition and reply) reflecting the substitution of MSCGI for Morgan Stanley as the moving party, dropping one argument and possibly making some necessary nonsubstantive language changes;

11.    Nothing in this Stipulation and Order shall be construed to revive any claims that were barred by any applicable statute of limitations as to any Stipulating Defendant as of the date such Stipulating Defendant was first named as a defendant in this Multi-District Litigation, or to affect any Stipulating Defendants' defenses based on applicable statutes of limitations. Except as expressly provided herein, nothing in this Order shall be construed as waiving or limiting any rights, claims or defenses of any party or non-party, including without limitation, SUKL's right and ability to challenge the Court's exercise of personal jurisdiction if it is added to this action as a defendant at a later date; and

12.    This Stipulation may be executed in separate counterparts, and counterparts may be executed by e-mail or facsimile, each of which shall be an original.

Dated:  April 24, 2015

**MORGAN & MORGAN, P.C.**

By: _____
Peter Safirstein

28 West 44th Street, Suite 2001
New York, New York 10036
Telephone: (212) 564-1637
psafirstein@forthepeople.com

*Interim Co-Lead Counsel for the*
*Landowners and Leaseholders*
*(the "Coordinated Action")*


**QUINN EMANUEL URQUHART &**
**SULLIVAN LLP**

By: _____
Karl S. Stern

Houston Pennzoil Place
711 Louisiana St
Houston, TX 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
karlstern@quinnemanuel.com

*Counsel for Phibro Trading LLC and Phibro*
*Commodities LLP*


**MORGAN, LEWIS & BOCKIUS LLP**

By: _____
Steven A. Reed

1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5603
Facsimile: (215) 963-5001
sreed@morganlewis.com

*Counsel for Royal Dutch Shell, plc, Shell*
*Trading and Shipping Company Limited and*
*Shell UK Limited*

**CADWALADER, WICKERSHAM &**
**TAFT**

By: _____
Gregory A. Markel

One World Financial Center
New York, New York 10281
Telephone: (212) 504-6112
Facsimile:(212) 504-6666
Greg.Markel@cwt.com

*Counsel for Morgan Stanley and Morgan*
*Stanley Commodities Group, Inc.*

8.

**SO ORDERED** this _29_ day of April, 2015.

Hon. Andrew L. Carter Jr.
**United States District Judge**