UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

NORTH SEA BRENT CRUDE OIL FUTURES     1:13-md-02475 (ALC)
LITIGATION

This document applies to:  1:13-cv-07443-ALC.

------------------------------------------------------------x

DAVID HARTER, On Behalf of Himself
and All Others Similarly Situated,

                 Plaintiff,

           v.

ROYAL DUTCH SHELL PLC, BP PLC,
STATOIL ASA, STATOIL US HOLDINGS
INC., MORGAN STANLEY, TRAFIGURA
BEHEER B.V., TRAFIGURA AG, PHIBRO
TRADING LLC, VITOL, S.A. MERCURIA
ENERGY TRADING S.A., HESS ENERGY
TRADING COMPANY, LLC and
JOHN DOES 1-50,

                 Defendants.

------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF DEFENDANT PHIBRO COMMODITIES LIMITED'S MOTION TO DISMISS HARTER PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant Phibro Commodities Ltd. ("Phibro Commodities") submits this memorandum of law in support of its motion to dismiss with prejudice the Second Amended Class Action Complaint of David Harter (the "Harter Complaint") (Dkt. No. 96) for lack of personal jurisdiction pursuant to Red. R. Civ. P. 12(b)(2).

**STATEMENT OF FACTS**

Alleging a 12-year conspiracy to manipulate Brent crude prices, the Harter Complaint alleges, *inter alia*, that Defendants violated the Clayton Act and the Sherman Act. Complaint ¶¶ 1-3, 6. Harter claims that Defendants manipulated the price assessments published by Platts by entering into false, manipulative, or misleading transactions. *Id*. at ¶ 90. As to Phibro Commodities, Harter alleges only a handful of physical trades of oil in London. *Id*. at ¶¶ 129-31. The Harter Complaint alleges no Phibro Commodities activity in the United States as giving rise to Harter's claims.

The limited contact Harter alleges Phibro Commodities had with the United States is unrelated to Harter's claims. The only contact the Complaint alleges Phibro Commodities has with the United States is the allegation that Phibro Commodities and its parent, Phibro Trading (which is organized under the laws of Delaware and headquartered in Connecticut), share employees. In addition, the Declaration of Roger Plaisted establishes that Phibro Commodities' traders caused certain futures and derivatives contracts to be entered in the United States in the name of Phibro Trading. There is no specific factual allegation that Harter's claims arise out of or relate to any of these United States contacts.

**ARGUMENT**

With respect to the allegations against Phibro Commodities, the Harter Complaint mirrors the earlier-filed Second Amended Consolidated Class Action Complaint (the "Trader Complaint') of Kevin McDonnell, Anthony Insinga, Robert Michiels, Neil Taylor, Xavier Laurens, Atlantic Trading USA, LLC, Port 22, LLC, Aaron Schindler, White Oak Fund LP, and Prime International Trading, LTD (the "Trader Plaintiffs") (Dkt. No. 308). On March 27, 2015, Phibro Commodities moved to dismiss the Trader Complaint for lack of personal jurisdiction. (Dkt. No. 329.) Rather

than burden the Court with duplicative briefing, Phibro Commodities incorporates by reference the arguments, authorities, and evidence in the Memorandum in Support of Defendant Phibro Commodities Limited's Motion to Dismiss the Second Amended Consolidated Class Action Complaint for Lack of Personal Jurisdiction (the "Trader Jurisdictional Memorandum") (Dkt. No. 330), including the Declaration of Roger Plaisted in support of the Trader Jurisdictional Memorandum. (Dkt. No. 330 at 17-19).

As fully set forth in the Trader Jurisdictional Memorandum, Harter's claims against Phibro Commodities should be dismissed because Phibro Commodities is not subject to general or specific jurisdiction in this case. For purposes of general jurisdiction, Phibro Commodities is not "at home" in any United States forum within the meaning of *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014), rendering the exercise of jurisdiction over it inconsistent with the Due Process Clause. Further, Harter does not allege any suit-related conduct by Phibro Commodities in the forum that could justify the exercise of specific jurisdiction.

## CONCLUSION

Plaintiff's claims against Phibro Commodities should be dismissed for lack of personal jurisdiction.

Dated: May 28, 2015.

        Respectfully submitted,

        **QUINN EMANUEL URQUHART &**
        **SULLIVAN L.L.P.**


By: /s/ Karl S. Stern

    Karl S. Stern
    711 Louisiana Street, Suite 500
    Houston, Texas 77002
    Tel 713.221.7171
    E-mail karlstern@quinnemanuel.com

    **Attorneys for Defendants**
    **Phibro Trading LLC and**
    **Phibro Commodities Ltd.**

## CERTIFICATE OF SERVICE

    I hereby certify that on May 28, 2105, a copy of the foregoing was filed electronically and sent by e-mail to all parties who have appeared by operation of this Court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

        /s/ Karl S. Stern
        Karl S. Stern