# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>NORTH SEA BRENT CRUDE OIL FUTURES LITIGATION<br><br>This document applies to:<br>1:13-cv-07443-ALC | Case No. 1:13-md-02475-ALC<br>1:13-cv-07443-ALC<br><br><u>CLASS ACTION</u> |
| DAVID HARTER, On Behalf of Himself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>      v.<br><br>ROYAL DUTCH SHELL PLC, BP PLC, STATOIL ASA, STATOIL US HOLDINGS INC., MORGAN STANLEY, TRAFIGURA BEHEER B.V., TRAFIGURA AG, PHIBRO TRADING LLC, VITOL, S.A. MERCURIA ENERGY TRADING S.A., HESS ENERGY TRADING COMPANY, LLC and JOHN DOES 1-50,<br><br>                      Defendants. |  |

**DAVID HARTER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PHIBRO COMMODITIES LIMITED'S MOTION TO DISMISS HARTER PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT <u>FOR LACK OF PERSONAL JURISDICTION</u>**

**PRELIMINARY STATEMENT**

Defendant's motion to dismiss for lack of personal jurisdiction should be denied in its entirety as to David Harter, the Landowner Plaintiff ("Harter" or the "Landowner Plaintiff" or "Plaintiff"). Phibro Commodities Limited ("Phibro Commodities") is a named Defendant in this action due to their role as a participant in the in the Sherman Act violations, state unfair trade act violations and state antitrust violations that the Landowner Plaintiff alleges in his Second Amended Class Action Complaint [ECF No. 96 of Case No. 1:13-cv-07443-ALC - the "Coordinated Action"] (the "Landowner Complaint"). Phibro Commodities defies this Court's jurisdiction, erroneously claiming that it cannot be compelled to answer for its conduct in the United States. Plaintiff submits this supplemental brief in opposition to Phibro Commodities' motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) and supporting memorandum of law [ECF Nos. 368, 369 of Case No 1:13-md-02475-ALC].

The Landowner Plaintiff has consulted with the Brent Derivative Trader Plaintiffs ("Trader Plaintiffs") and relies upon and incorporates by reference all overlapping arguments (as set forth in more detail below) in the Trader Plaintiffs' Opposition Memorandum filed in *In re: North Sea Brent Crude Oil Futures Litigation*, Case No. 1:13-md-02475-ALC [ECF No. 360] (the "Trader Opposition").

Harter has demonstrated more than sufficient minimum contacts with the United States for this Court to exercise specific or general jurisdiction over Phibro Commodities. Phibro Commodities' aggregate contacts throughout the United States all "relate" to Plaintiff's claims and easily satisfy the minimum contacts required. Moreover, Phibro Commodities' conduct had a direct and foreseeable effect in the United States.

## FACTS

Harter respectfully refers the Court to the "Statement of Facts" section of the Trader Opposition, for a recitation of the facts in this matter. In addition, the Landowner Plaintiff asserts facts below specific to the Landowner Complaint.

Harter is a resident of Louisiana who has been and is a landowner and/or leaseholder of oil producing lands and has been and is now the owner of multiple royalty and working interests in oil leases in the State of Louisiana. Landowner Compl. ¶ 10. Harter sold oil, sold interests in oil-production, and sold oil-producing property during the class period and was damaged by the conduct alleged herein. *Id*.

Defendant Phibro Commodities manipulated the prices of physical Brent crude futures contracts traded on the New York Mercantile Exchange ("NYMEX") and the Intercontinental Exchange ("ICE") by reporting false and artificial trades concerning physical Brent to Platts, the price reporting agency ("PRA") designated to disseminate Brent Crude Oil prices. Landowner Compl. ¶¶ 3, 90, 92, 129, 130.

Plaintiff alleges that the restraint in trade and intentional manipulation of Brent Crude Oil prices caused the suppression of prices in related and connected U.S. markets including, but not limited to, the West Texas Intermediate Crude ("WTI") market and the Light Louisiana Sweet ("LLS") market. Landowner Compl. ¶ 4. Brent crude oil provides the basis for the pricing of more than 80% of the world's crude oil, and as such it is reasonable to expect, and statistically demonstrated, that the direction of pricing influence between the Brent and WTI crude oils is from Brent to WTI. Landowner Compl. ¶ 41. As a result of the suppression of prices in the WTI and LLS market, Plaintiff and class members, landowners and leaseholders of oil-producing property in the U.S., received reduced compensation from the sale of oil extracted from their

leased and/or owned property, from the sale of interests in oil production, and from the sale of oil-producing land. Landowner Compl. ¶ 5.

## ARGUMENT

The Landowner Plaintiff incorporates by reference the legal standard as set forth in the Trader Opposition and notes that under the Fifth Amendment, a plaintiff need only establish defendants have "certain minimum contacts [with the United States] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 6126 (ALC), 2013 WL 9815198, at *29 (S.D.N.Y. Dec. 20, 2013 (*quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002)).

With respect to the allegations against Phibro Commodities, the Landowner Complaint largely mirrors the earlier-filed Second Amended Consolidated Class Action Complaint [ECF No. 308] (the "Trader Complaint"). On March 27, 2015, Phibro Commodities moved to dismiss the Trader Complaint for lack of personal jurisdiction [ECF. Nos. 329, 330] and the Trader Plaintiffs filed their opposition memorandum on May 8, 2015 [ECF No. 360]. In its motion to dismiss the Landowner Complaint [ECF No. 369], Phibro relies upon its previously filed argument from ECF No. 330. Similarly, Harter incorporates by reference the arguments, authorities, and evidence in the Trader Opposition [ECF No. 360].

Phibro Commodities' relevant minimal contacts in the United States include not only the specific manipulation of Brent Crude Oil prices, but also manipulative transactions conducted through their common enterprise with Phibro Trading. Trader Opposition at p. 9. Phibro Commodities "purposely availed itself" of the United States by negotiating and entering into Brent Crude Oil MOC trades with U.S. counterparties in this District; executing futures and

3

derivative contracts on behalf of Phibro Trading on U.S. exchanges; manipulating the price of Brent Crude Oil futures and derivative contracts traded on U.S. exchanges; manipulating the price of crude oil imported into the U.S.; and using affiliated employees in the U.S. to perform risk management and other daily functions to support its commodities trading operations. *Id*. at p. 7.

Moreover, the Landowner Complaint alleges, and Phibro Commodities' motion does not dispute, that its manipulation of the Platts MOC process had a direct and foreseeable effect in the United States. *Id*. at p. 3. Phibro Commodities distorted prices of Brent futures contracts in the United States and physical oil imported into and traded in the United States. *Id*.

For the reasons stated in the Trader Opposition, the Landowner Plaintiff has adequately alleged claims against Defendant Phibro.

## CONCLUSION

Landowner Plaintiff has sufficiently pled facts to support personal jurisdiction over Phibro Commodities. There is no doubt that Phibro Commodities transacted business and undertook acts that had an effect in the United States. For the foregoing reasons, Defendant Phibro Commodities' motions to dismiss for lack of personal jurisdiction should be denied.

Date: June 11, 2015  Respectfully Submitted,

 */s Peter Safirstein*
 Peter Safirstein

 Domenico Minerva
 Elizabeth Metcalf
 **Morgan & Morgan, P.C.**
 28 W. 44th Street, Suite 2001
 New York, NY 10036
 T: (212) 564-1637
 F: (212) 564-1807

4

Email: psafirstein@forthepeople.com
Email: dminerva@forthepeople.com
Email: emetcalf@forthepeople.com

Robert Wickliffe Fenet, *Admitted Pro Hac Vice*
**Fenet Law Firm, LLC**
4315 Bluebonnet Blvd., Suite B
Baton Rouge, LA 70809
T: (225) 926-5500
F: (225) 296-7417
Email: bob@fenetlaw.com

John Edwards, *Admitted Pro Hac Vice*
**Edwards Kirby, LLP**
P.O. Box 17005
Raleigh, N.C. 27619
T: (919) 780-5400
F: (919) 800-3099
Email: jedwards@edwardskirby.com

*Interim Co-Lead Counsel for the
Landowners and Leaseholders
(the "Coordinated Action")*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF system on June 11, 2015.

                                                    */s/ Elizabeth Metcalf*
                                                    Elizabeth Metcalf