UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

NORTH SEA BRENT CRUDE OIL FUTURES
LITIGATION

This document applies to: 1:13-cv-07443-ALC.

------------------------------------------------------------x

DAVID HARTER, On Behalf of Himself
and All Others Similarly Situated,

      Plaintiff,

    v.

ROYAL DUTCH SHELL PLC, BP PLC,
STATOIL ASA, STATOIL US HOLDINGS
INC., MORGAN STANLEY, TRAFIGURA
BEHEER B.V., TRAFIGURA AG, PHIBRO
TRADING LLC, VITOL, S.A. MERCURIA
ENERGY TRADING S.A., HESS ENERGY
TRADING COMPANY, LLC and
JOHN DOES 1-50,

      Defendants.

------------------------------------------------------------x

Case No. 1:13-md-02475 (ALC)
1:13-cv-07443-ALC

## DEFENDANT PHIBRO COMMODITIES LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS HARTER PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

  Defendant Phibro Commodities Ltd. ("Phibro Commodities") hereby replies to David Harter's Memorandum of Law in Opposition to Defendant Phibro Commodities Limited's Motion to Dismiss Harter Plaintiff's Second Amended Class Action Complaint for Lack of Personal Jurisdiction ("Harter's Opposition") (ECF No. 377).

## ARGUMENT

The Harter Opposition largely incorporates by reference the arguments set forth in the Brent Derivative Trader Plaintiffs' Opposition Memorandum filed in *In re: North Sea Brent Crude Oil Futures Litigation*, Case No. 1:13-md-02475-ALC (the "Trader Opposition") (ECF No. 360). Since it raises no new arguments, Phibro Commodities replies to the Harter Opposition by incorporating by reference Phibro Commodities' Reply in Support of Its Motion to Dismiss Trader Plaintiffs' Second Amended Class Action Complaint for Lack of Personal Jurisdiction (the "Phibro Trader Case Reply") (ECF 366). In sum, other than conclusory allegations on which personal jurisdiction cannot be based, the only specific Phibro Commodities conduct alleged by Harter is that Phibro Commodities purchased a cargo of Brent Crude in London on one day and offered to sell it at a lower price in London the next day. This conduct in London by a London company provides no basis for personal jurisdiction.

## CONCLUSION

For the reasons set forth in the Phibro Trader Case Reply, Plaintiff's claims against Phibro Commodities should be dismissed for lack of personal jurisdiction.

Dated: June 19, 2015.

                                      Respectfully submitted,

                                      **QUINN EMANUEL URQUHART & SULLIVAN L.L.P.**

                                      By: /s/ Karl S. Stern

                                            Karl S. Stern
                                            711 Louisiana Street, Suite 500
                                            Houston, Texas 77002
                                            Tel 713.221.7171
                                            E-mail karlstern@quinnemanuel.com

                                        **Attorneys for Defendants**
                                        **Phibro Trading LLC and**
                                        **Phibro Commodities Ltd.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 19, 2015, a copy of the foregoing was filed electronically and sent by e-mail to all parties who have appeared by operation of this Court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

                                          /s/ Karl S. Stern
                                          Karl S. Stern