# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
   Roger W. Kirby
   Alice McInerney

December 11, 2015

**VIA EMAIL and ECF**
The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Re:   *In re: North Sea Brent Crude Oil Futures Litig.*, 13-md-02475-ALC

Dear Judge Carter:

We represent the Brent Derivative Trader Plaintiffs ("Plaintiffs") in the above-referenced action. We write in response to the December 8, 2015 letter [ECF No. 384] submitted by counsel for defendant Statoil ASA ("Statoil"), which enclosed the recent decision in *OBB Personenverkehr AG v. Sachs*, 136 S. Ct. 390 (2015). As addressed below, the *Sachs* decision is distinguishable from the present case.

In moving to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Statoil asserts that it is immune from liability under the Foreign Sovereign Immunity Act ("FSIA"). *See* ECF No. 205. As explained in Plaintiffs' Opposition [ECF No. 254], FSIA § 1605(a)(2) sets forth three categories of commercial activity, each of which independently negates sovereign immunity, and each of which applies in this case. *See* Plaintiffs' Opposition [ECF No. 254] at 2-4, 12-33.

Briefly, the three categories are: (1) "commercial activity" in the U.S.; (2) "acts" in the U.S. in connection with commercial activity occurring elsewhere; and (3) acts outside the U.S. in connection with commercial activity that has a "direct effect" in the U.S. *See id.* at 13 (citing 28 U.S.C. § 1605(a)(2)).

The *Sachs* decision addresses only the first category, wherein immunity is unavailable in any case "in which the action is based upon commercial activity carried on in the United States by [a] foreign state." *Sachs*, 136 S. Ct. at *392-93 (quoting 28 U.S.C. § 1605(a)(2)). The plaintiff in *Sachs*, who had purchased a Eurail pass in the U.S. for train travel in Europe, was injured while attempting to board a train operated by the Austrian state-owned railway. The Supreme Court recognized that "an action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the suit." *Id*. at *396 (addressing *Saudi Arabia v Nelson*, 507 U.S. 349 (1993)). As the gravamen of plaintiff's personal injury suit did not arise from purchasing the ticket in the U.S., but rather from boarding the train while in Austria, the relevant commercial

Hon. Andrew L. Carter, Jr.
December 11, 2015
Page 2

activity "plainly occurred abroad," *id*. at *396,[1] and plaintiff failed to demonstrate that her suit fell within the commercial activity exception in 28 U.S.C. §1605(a)(2). *Id*. at *396-98.

      The gravamen of the instant case, in contrast, is manipulation, much of which occurred in the U.S. Plaintiffs allege that Statoil engaged in manipulative trading activity on the New York Mercantile Exchange ("NYMEX") and the Intercontinental Exchange ("ICE"), and that much of the trading conduct emanated from Statoil's Stamford, Connecticut office. Statoil also made false reports to Platts. Even assuming the particular acts occurred abroad, they were related to commercial activity in the U.S. (on NYMEX and ICE). This conduct resulted in injuries to Plaintiffs in the U.S., because it had the desired effect of artificially inflating prices in the manipulated NYMEX and ICE Brent futures and derivatives products formed in the U.S. *See* Second Am. Compl. [ECF No. 308] ¶¶ 270-271, 276-277, 535.

      Thus, *Sachs* is readily distinguishable because the commercial activity in the U.S. (*i.e.*, sale of a Eurail pass) was not the gravamen of the action (*i.e.*, personal injury in Austria). Here, commercial activity in the U.S. (*e.g.*, Statoil's manipulation of NYMEX and ICE Brent futures and derivative contracts) is the gravamen of Plaintiffs' claims and injuries. And, as noted, *Sachs* does not speak to the two other commercial activity exception prongs, both of which also apply in this case.

      For these and the other reasons stated in Plaintiffs' Opposition [ECF No. 254], Statoil's motion to dismiss on FSIA grounds should be denied in its entirety.

      Respectfully submitted,

       /s/ David E. Kovel
David E. Kovel
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: 212-371-6600
Fax: 212-751-2540
dkovel@kmllp.com

*Interim Lead Counsel for the Brent Derivative Trader Plaintiffs and the Proposed Class*

cc:    All Counsel of Record (by email)

---

[1] *See also id*. at *396 ("All of her claims turn on the same tragic episode in Austria, allegedly caused by wrongful conduct and dangerous conditions in Austria, which led to injuries suffered in Austria.").